### JORDAN C. PHILLIPS *v.* D. A. DAVIS *et al.*

Where the premises in a deed of bargain and sale omitted the word heirs in the limitation of the estate to the bargainee, but the habendum and warranty clauses were as follows: To have and to hold free and clear from all just claims, I, the said J. B., doth warrant and defend the right and title of the said tract of land, to have and to hold free and clear from me and my heirs, and the claims of any other persons, unto him the said G. P., his heirs and assigns: *It was held,* That the clauses were not a mere warranty to the bargainee and heirs, but were in effect, in addition to the warranty, a habendum to him and his heirs, thus conveying to him an estate in fee simple.

Where, upon the sale of land, a bond to make title upon the payment of the the purchase money was given to the purchaser, and afterwards upon the assignment of his interest, the money was paid by the assignee: *It was held,* That he, before a deed was executed to him had such an unmixed trust as was liable to be sold under execution. Battle's Revisal, chap. 44, sec. 5.

Where, under the former practice, it was necessary to sell the land of an intestate to pay his debts, after the plea of fully administered had been found in favor of the administrator, the record showed an order for a *sci. fa.* to be issued to the "heirs" of the intestate without naming them, but showed that they were named in the order appointing a guardian *ad litem,* and then, though the fact that a *sci. fa.* had issued was not stated, it appeared that there was an entry of judgment according to *sci. fa,* and thereupon the land was condemned and ordered to be sold: *It was held,* That these proceedings were sufficient to uphold the sale of the land made under them.

This was a CIVIL ACTION to recover real property tried at the last term of the Superior Court of ASHE county, before his Honor, *Mitchell, J.,* when the defendants, under the ruling of the Court, had a judgment, from which the plaintiffs appealed. The facts of the case are sufficiently stated in the opinion of the Court.

*W. P. Caldwell* and *Armfield,* for the plaintiff.
*Folk, Fowle* and *Snow,* for the defendants.

READE, J.   In 1836, George Phillips, under whom the *feme* plaintiff claims as heirs, went into the possession of the land in controversy and continued in possession up to the time of his death in 1843. So that if said Phillips had title it descended to the *feme* plaintiff, and she had title. So the first question is did George Phillips have title? His title to the 160 acre tract was a deed from James Blevins, in regard to which the question is, whether it conveys a fee simple or a life estate only. The deed is inartificially drawn. The premises are to "George Phillips," omitting the word heirs, "To have and to hold free and clear from all just claims whatsoever." And then follows the warranty, and in the same sentence there is a continuation as follows: "To have and to hold free and clear from me and my heirs and the claim or claims of any other person or persons whatsoever, unto him the said George Phillips, his heirs and assigns forever." This would seem to be not a mere warranty to him and to his heirs, which would have no effect to enlarge the estate, but by transposing the sentence it is the *habendum* itself to him and his heirs, and makes a fee simple. But if this were not so, then it would be a case for reforming the instrument, so as to make the estate a fee simple, which the Court under its equity jurisdiction has the power to do.

His title to the 275 acre tract was a sale by one Ballow to

said Blevins with a bond for title when the money should be paid, and an assignment of said bond for title by Blevins to Phillips, and a payment of the money by Phillips to Blevins who paid the same Ballow. It is not pretended that this passed the title to Phillips, but that it gave him the equity to have a specific performance of the contract, which the Court under its equity jurisdiction has the power to compel, and whenever necessary, to consider as done what ought to have been done. So that the case may be considered as if the title was complete in Phillips. It was a pure unmixed trust, in which he had the right to call for the entire legal estate, and it was the subject of sale under execution under Act of 1812. This disposes of the first objection on the part of the plaintiff—that George Phillips had no interest in the land which could be sold by execution.

Supposing that to be so, then the plaintiff says that the proceedings under which the land was sold and bought by the person under whom defendant, Davis, claims, were irregular and void.

The proceedings were as follows: The creditors of George Phillips after his death in 1843, sued his administrator, and the plea of fully administered was found for the administrator. As the law then was, in order to subject the land to the payment of the debts of the deceased, it was necessary to issue a *sci. fa.* to the heirs-at-law to show cause why the land should not be sold. The heir in this case was an infant, and the clerk of the Court was appointed guardian *ad litem*, and a *sci. fa.* was ordered. It does not appear whether in *fact* a *sci. fa.* actually issued, or whether the clerk upon whom the *sci. fa.* would have been served, waived the *sci. fa.*, the only purpose of which was to give him notice, which he already had. But at the next term the record is, "judgment according to *sci. fa.*," and then the lands that descended to the heir was condemned and a sale ordered and made by the sheriff and bought by the person under whom defendant

claims. The record does not direct a *sci. fa.* against the heirs of Phillips by their individual names, but simply against the heirs, but the order in the cause appointing the clerk guardian *ad litem,* does give the names of the heirs.

In the first place we think it is to be assumed from what appears upon the record that a *sci. fa.* did issue. "Judgment according to *sci. fa.*" must mean that there was a *sci. fa.* And again, the object of the *sci. fa.* being *notice* to the heirs, to be served on the guardian in this case, who was the clerk of the Court and had notice, it would be assumed if necessary that he waived formal notice. And it would seem that this would be sufficient.

In the second place it sufficiently appears from the record that the heirs were made parties by their individual names, as the order in the cause appointing their guardian does set out their names and directs *sci. fa.* to them.

There is no error.

PER CURIAM.　　　　　　　　　　　Judgment affirmed.