THOS. PHILLIPS and wife *v.* A. B. THOMPSON and wife and others.

A and B conveyed certain land to C. D., by deed, containing the following limitation: "to have and to hold all and singular the aforesaid land and premises, and we do for ourselves, our heirs, executors and administrators, warrant and forever defend against the lawful[1] claim or claims of all persons whatsoever, unto the said C. D., to him[2] his heirs and assigns forever." C. D. died, and the bargainors instituted an action to recover the land, alleging that only a life estate passed under the deed: *Held*, that the deed conveyed the fee simple.

(*Armfield* v. *Walker*, 5 Ired. 580; *Phillips* v. *Davis*, 69 N. C. Rep. 117, cited and approved.)

CIVIL ACTION in the nature of *Ejectment*, tried before *Seymour, J.,* at Spring Term, 1875, of WAYNE Superior Court.

All the facts necessary to an understanding of the case as decided are stated in the opinion of the Court.

There was a judgment in favor of the plaintiffs and thereupon the defendants appealed.

*Faircloth & Grainger*, for appellants.
*D. M. Carter*, contra.

SETTLE, J. In 1858 the plaintiffs conveyed to one Council Best the land in controversy for the consideration of eighteen hundred dollars, (the receipt of which is acknowledged in the deed), which the plaintiffs admit was the full value of the land at that time; and they further admit that they intended to convey the fee simple by the said deed.

In fact no money was paid, but Best gave his note for the said amount, which was accepted as a payment by the plaintiffs. It is further admitted that in 1868 Best received his discharge from the District Court of the United States as a bankrupt and that subsequently to his discharge, he destroyed the old note, and gave others for the sum due, payable as the first had been, and that he died in 1873, insolvent.

The plaintiffs now contend that their deed conveyed only a life estate to the said Council Best, and they rely upon the following words in the deed to establish that position: " To have and to hold all and singular the aforesaid land and premises, and we do for ourselves, our heirs, executors and administrators warrant and forever defend against the lawful claim or claims of any and all persons whatsoever unto him the said Council Best to him his heirs or assigns forever."

We concede that a life estate is not enlarged into a fee, either by a warranty in fee or by a covenant for quiet enjoyment to the grantee and his heirs, for the warranty ceases when the estate to which it is annexed is determined.

But we think this deed, though very awkwardly drawn, carries out the original intention of the parties, and conveys the fee. It will be observed there is no separation between the

*habendum,* and what is said to be the warranty clause, of this deed, but they are blended together in one sentence, or rather the *habendum* is cumbered with unmeaning words, which we are asked to construe into a warranty. If we strike from a single sentence words which make no sense, either by themselves or in connection with others, or rather if we permit them to remain dormant, we have a perfect `habendum` in fee.

This Court, following the well established rule that the construction of deeds should be favorable and as near the minds and apparent intents of the parties as the rules of law will admit, has sanctioned the transposition of words in a sentence, has in at least two cases, given to words no better arranged than they are in this deed, the effect of a conveyance in fee. *Armfield* v. *Walker,* 5 Ired. 580; *Phillips* v. *Davis,* 69 N. C. Rep. 117.

This is all that need be said for the decision of this case, but we may add that we are inclined to think, upon consideration of the whole matter, that if the deed had been so imperfect as to convey only a life estate to Council Best, when it was the intention of all parties that a fee should be conveyed, it would be a proper case for reforming the instrument.

It is hard that the plaintiffs should lose their money, but it is the result of their own action, since they saw fit to accept the note of Best in payment of the purchase money and to waive all other security.

They could have reserved the title, or have taken a mortgage to secure the purchase money, but as they did neither, this Court is unable to assist them without reviving the old equity of the vendor's lien, which is not recognized in this State. But as to the hardship of the case; the defendants offered to prove that they claimed under purchasers at an execution sale, and that they had paid full value for the land. This they were not permitted to do.

And in view of what we have already said, it is immaterial how that was, except as furnishing a suggestion that when a

35

hardship must rest somewhere it perhaps had as well be upon those who have by their conduct created it.

The judgment of the Superior Court is reversed.

Let judgment be entered here for the defendants.

PER CURIAM.                          Judgment reversed.