JAMES WAUGH'S HEIRS *v.* JONATHAN MILLER and another.

A "granted, bargained and sold, conveyed and confirmed to" B and C, "three thousand and seventy acres of land," (describing it,) "together with all and singular my right and title of, in and to the three thousand acres above described, to the aforesaid" B and C, "to which I bind myself, my heirs, executors, administrators and assigns, to warrant and forever defend the aforesaid land and premises to the aforesaid" B and C, "their heirs, executors, administrators and assigns, with all the appurtenances and improvements thereunto belonging, to have and to hold," &c.: *Held*, that A therein conveyed to B and C an estate in fee simple, and not simply a life estate.

(*Phillips* v. *Thompson*, 73 N. C. Rep., 543; *Phillips* v. *Davis*, 69 N. C. Rep., 117, cited and approved.)

CIVIL ACTION in the nature of Ejectment, tried before FURCHES, J., at Spring Term, 1876, of ASHE Superior Court.

At Fall Term, 1875, the death of the original plaintiff was suggested, and the heirs at law were made parties plaintiff.

The only question considered in this Court was the construction of a deed, under which the plaintiffs claim by mense conveyance. The material parts of this deed read as follows: "That for and in consideration of, &c.,   *   * hath granted, bargained and sold, conveyed and confirmed to the aforesaid William P. Waugh and John Finley three thousand and seventy acres of land lying, &c.,   *   *   * together with all and singular my right and title of, in and to the three thousand acres of land above described, to the aforesaid William P. Waugh and John Finley, to which I bind myself, my heirs, executors, administrators and assigns to warrant and forever defend the aforesaid land and premises to the aforesaid William P. Waugh and John Finley, their heirs, executors, administrators and assigns, with all the appurtenances and improvements thereunto belonging or in any wise appertaining thereto, to have and

to hold and peacefully possess free and clear from all en-cumbrances and claims of any person or persons whatso-ever."

His Honor was of opinion that only a life estate was thereby conveyed to Waugh and Finley.

Whereupon the plaintiffs submitted to a non-suit and appealed.

*M. L. McCorkle,* for the appellants.
*Folk & Armfield,* contra.

READE, J.   The *habendum* and the warranty are mixed and confused, as if written by one who had heard such words used, but the precise order, connection and meaning, of which he did not understand.   He conveys the land itself, " together with all and singular his right and title of, in and to the same " to the aforesaid Waugh and Finley, " to which he binds himself, his heirs, executors, adminis-trators and assigns to warrant and forever defend," &c., " to the said Waugh and Finley, their heirs," &c., " to have and to hold and peacefully possess free and clear from all in-cumbrances and claims of any and all persons whatsoever."

There is nothing indicating that the grantor intended only a life estate, for he says, " all his title and interest " and he binds his *heirs* to the grantee's *heirs.*   He evidently contemplates an everlasting thing of it, and the words may be so transposed as to give the conveyance of a fee simple, both form and substance.   *Phillips* v. *Thompson,* 73 N. C. Rep., 543 ; *Phillips* v. *Davis,* 69 N. C. Rep., 117.

There is error.

PER CURIAM.                          *Venire de novo.*