JOHN S. STELL v. WYATT BARHAM.

*Deed.*

A deed reciting that the grantor conveys to the grantee a certain tract of land and agrees with the grantee and his heirs to warrant the title

to the *grantee*, passes only a life estate. (Distinguished from *Phillips* v. *Davis*, 69 N. C., 117 ; *Phillips* v. *Thompson*, 73 N. C., 543, and other cases.)

(*Roberts* v. *Forsythe*, 3 Dev., 26 ; *Register* v. *Rowell*, 3 Jones, 312 ; *Wiggs* v. *Sanders*, 4 Dev. & Bat , 480 ; *Snell* v. *Young*, 3 Ired., 379, approved ; and *Phillips* v. *Davis*, 69 N. C., 117 ; *Phillips* v. *Thompson*, 73 N. C., 543 ; *Waugh* v. *Miller*, 75 N. C., 127 ; and *Allen* v. *Bowen*, 74 N. C., 155, distinguished.)

EJECTMENT tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The following issues were submitted to the jury :

1. Is the plaintiff entitled to the possession of the land described in the complaint?

2. Does the defendant unlawfully withhold said land from plaintiff?

The plaintiff read in evidence a deed from Judkins Barham executed to Perry Barham in 1837, a deed from Perry Barham to W. H. Pace executed in 1880, and a deed from Pace to plaintiff. He also read in evidence a deed from Perry Barham to Isham Young executed in 1854, for the same land. When the deed from Judkins Barham to Perry Barham was offered in evidence, the defendant objected to its introduction, on the ground that it was void for uncertainty in the description of the land. The only description in the deed was " a certain piece of land, to-wit, adjoining the lands of Wm. Roles, Reuben Mitchel, Hardy Dean, John L. Terrell, C. Vanderford, and others."

His Honor remarked that he could not say the deed was void on its face, for that, it might be aided by parol evidence of the identity of the land. To this the counsel of the defendant assented, but asked that his exception might be noted in order to avail himself of it if the said uncertainty should not be corrected by parol evidence.

The plaintiff then proved by Perry Barham under whom he claimed, that the land had been occupied by Judkins Barham before his death, and was the only land ever owned

by him; that it was bounded by the lands of the parties mentioned in the description of the same in the said deed, and joined no other person; that he took possession of it after the execution of said deed and conveyed it to said Pace by the deed referred to, and that he recognized it as the land conveyed by Pace to the plaintiff, by the boundaries given in the deed by Pace to the plaintiff; that he put the defendant on the land as his tenant before the year 1845, and soon after his purchase thereof, where he has since remained, never having claimed any right therein, and paying to the witness rent for the same until his sale to Pace; that he had never surrendered his tenancy, and on various times and occasions up to the execution of the deed to Pace, admitted that said land belonged to witness. To the same effect was the testimony of A. R. Young, another witness for the plaintiff.

The plaintiff also introduced one T. J. Barham, who testified that he knew the land all his life; that it was on the south side of the road adjoining the lands of Isham Young, Clayton Lee, Squire Fleming, and known as the "Perry Barham" land, and contained one hundred and odd acres, on which the defendant lived, and had never lived on any other land since the witness knew him. The defendant excepted to the evidence of this last witness.

The deed offered by the plaintiff from Perry Barham to Isham Young, after reciting a consideration of three hundred dollars, proceeded, "hath granted, sold and conveyed unto said Isham Young a certain tract of land lying and being in Wake county, &c., known as the 'Judkins Barham' land, and the said Perry Barham doth agree with the said Isham Young, his heirs and assigns, to warrant and forever defend the right and title of the said land unto the said Isham Young from any and all lawful claims from any person or persons whatever."

It was proved that Isham Young died in the year 1875.

The court charged the jury that if they were satisfied from the evidence that the defendant entered on the land as the tenant of Perry Barham, and had never surrendered the possession, he could not deny the title of Perry Barham, or any one claiming under him, and that the deed from Perry Barham to Isham Young only conveyed to the latter a life estate, and that on the death of said Young the land reverted to Perry Barham.

The jury returned a verdict for the plaintiff, responding in the affirmative to each of the issues. There was judgment accordingly and defendant appealed.

*Messrs. Battle & Mordecai, Batchelor, Pace & Holding* and *Strong & Smedes,* for plaintiff.
*Mr. Armistead Jones,* for defendant.

ASHE, J.   The appeal was dismissed at October term, 1881, for the want of an appeal bond, but brought again to this court by a writ of *certiorari*, returnable to the February term, 1882.

There were one or two exceptions taken by the defendant to evidence which we deem immaterial in the view we take of the case. But there were some exceptions to the evidence offered in regard to the identity of the land in dispute, which it is proper to consider, to-wit: 1st. That the parol evidence adduced did not identify the land, and 2nd, that there was error in overruling the objection to the testimony of T. J. Barham.

The first exception cannot be sustained, for the defendant expressly assented to the remark made by His Honor, that he could not say the deed was void on its face, for that, it might be aided by parol evidence of the identity of the land described in the deed from Perry Parham to Isham Young, and reserved his exception until he could see whether the evidence should "fit the description to the thing." It was

5

an exception, if one at all, to the sufficiency of the evidence and not to its admissibility. We think the identity of the land was unmistakably established by the uncontradicted testimony of Perry Barham and A. R. Young. At all events, their testimony on that point was sufficient to be left to the jury, and they found it in favor of the plaintiff.

As to the other exception to the testimony of T. J. Barham, the record does not disclose the ground upon which it proceeded, and as counsel assigned none, and we are unable to perceive any, it must be overruled.

The main question for our consideration, and that upon which the case hinges, is, did the deed from Perry Barham to Isham Young convey a fee simple or only a life estate? If it conveyed a fee simple, the plaintiff could not recover; but if only a life estate, then the plaintiff was entitled to a verdict.

His Honor charged the jury, that the deed conveyed only a life estate, and in this ruling we hold there was no error.

There is no principle of law better established than that the word *heirs* is absolutely necessary in a deed to convey a fee simple estate. It is familiar elementary learning that the word *heirs* is necessary to be used either in the premises or habendum of a deed to convey an estate of inheritance. It is not essential that it should be in the habendum. Its insertion in the premises will answer, for a deed may be good without any habendum to pass a fee simple, if the words of inheritance are used in the premises, but it is most formal and usual to insert it in the habendum, as that is the orderly part of a deed in which is defined the estate or interest granted. 2 Blk., 298.

It has been held by repeated decisions in this state that the use of the word *heirs* in the premises or habendum of deeds at common law, or those operating under the statute of uses, is so essential that a life estate cannot be enlarged into a fee either by a warranty in fee, or by a covenant for

quiet enjoyment. *Roberts* v. *Forsythe,* 3 Dev., 26 ; *Register* v. *Rowell,* 3 Jones, 312 ; *Wiggs* v. *Sanders,* 4 Dev. and Bat., 480, and *Snell* v. *Young,* 3 Ired., 379.

The defendant, however, contends that the rigid rule of construction maintained in these cases has been relaxed, and that deeds have been since held to convey estates in fee simple where the word *heirs* was not employed in either the premises or habendum, and cites in support of his position, *Phillips* v. *Davis,* 69 N. C., 117 ; *Phillips* v. *Thompson,* 73 N. C., 543 ; *Waugh* v. *Miller,* 75 N. C., 127, and *Allen* v. *Bowen,* 74 N. C., 155. But upon examination of these decisions it is found that in every case it was held that there was an habendum to the bargainee and *his heirs*—however confusedly mixed up with the clauses of warranty.

In *Phillips* v. *Davis,* the deed was held to pass a fee simple because there was an habendum to the bargainee and his heirs, mixed in with the clause of warranty. The deed read, " To have and to hold free and clear from all just claims, I the said J. B., doth warrant and defend the right and title of said tract of land to him, and *to hold* free and clear from me and my heirs, and the claims of any other persons unto him the said G. P., *his heirs and assigns.*

The deed in the case of *Phillips* v. *Thompson,* was held to pass the fee simple for a like reason. There, the words of limitation were, " *To have and to hold* all and singular the aforesaid land and premises, and we do for ourselves, our heirs, executors and administrators, warrant and forever defend against the lawful claim or claims of all persons whatever unto the said C. D. *to him, his heirs and assigns forever.* Judge SETTLE who spoke for the court said, if we strike out the words which have no sense either by themsevles or in connection with others, or rather if we permit them to remain dormant, we have a perfect habendum in fee.

Very similar to the preceding cases is that of *Waugh* v. *Miller.* The conveyance was, " of all the land, together with

all and singular his right and title of, in, and to the same,
to the aforesaid Waugh and Findly to which he (the bar-
gainee) binds himself, his executors, administrators and as-
signs, to warrant and forever defend, &c., to the said W. and
F. *their heirs*, &c., *to have and to hold*, &c.   Judge BYNUM who
delivered the opinion in this case said: The habendum and
the warranty are mixed and confused.   The grantor bound
his *heirs* to the grantee's *heirs*, and the words may be so
transposed as to give the conveyance of a fee simple both of
form and substance.

The deed in *Allen* v. *Bowen* was couched in the following
terms: "The understanding is that we sell all the right, title
and claim that we have in the lands of Respass, deceased,
unto the said William Bowen, of the second part, and by
these presents hath bargained and sold and conveyed our
land or right aforesaid, which we do warrant and forever
defend.   And we, Thomas A. Pritchett and Elizabeth his
wife doth for themselves, their heirs, executors, administra-
tors and assigns, forever the land to the said William Bowen
*his heirs*, executors, administrators and assigns forever clear
of all encumbrances whatever."   Judge BYNUM who also
delivered the opinion in this case said: "The confusion
here as in that case (referring to the case of *Phillips* v.
*Thompson*,) is produced by the attempt to incorporate a
clause of warranty with the habendum."

The deed in our case is much more informal and defec-
tive than even the deed in the last case.   It reads, "hath
granted, sold and conveyed unto said Isham Young a cer-
tain tract of land lying and being in Wake county, &c.   And
the said Perry Barham doth agree with the said Isham
Young his heirs and assigns to warrant and forever defend
the right and title of the said land to the said Isham Young
from any and all lawful claims of any person or persons
whatsoever."

This case it will be seen is notably distinguishable from

those relied upon by the defendant's counsel, in that, there are no words of inheritance in the premises, the habendum, if there be one, or the clause of warranty. And no case, we presume, can be found where a fee simple has been held to be created by a deed without the word heirs. In the clause of warranty in this deed, the grantor agrees with the grantee and his heirs and assigns to warrant and defend the right, &c., to the said Isham Young, but not to his heirs. There is no transposition of the words which will warrant the construction that the deed conveyed a fee simple. It may have been so intended by the parties, but we are unwilling to make, by a strained construction, any further relaxation of a rule of law so long and so uniformly established.

Concurring as we do in the correctness of His Honor's charge, the judgment of the court below must be affirmed.

Being of opinion with the plaintiff upon the merits of the case, we have deemed it unnecessary to discuss or to decide the preliminary motion made by the defendant's counsel.

No error.                                  Affirmed.