B. H. BUNN v. JOHN D. WELLS,

## Construction—Deed.

1. In the construction of deeds no regard is had to punctuation; but the _intention_ of the parties should control unless in conflict with some rule of law.

2. A deed containing the following clauses—" To have and to hold one-half of the said tract of land; and I, the said P, (the bargainor) do warrant and defend the said bargained tract of land unto the said W (the bargainee), his heirs and assigns, against the lawful claim of any person or persons claiming the same in any manner whatever "—conveys the title to the lands therein described in fee-simple to the bargainee.

(_Phillips_ v. _Davis_, 69 N. C., 117 ; _Waugh_ v. _Miller_, 75 N. C., 127 ; _Allen_ v. _Bowen_, 74 N. C., 155; _Phillips_ v _Thompson_, 73 N. C., 543, and _Stell_ v. _Barham_, 87 N. C., 62, cited and approved).

This was a SPECIAL PROCEEDING for a partition, begun before the Clerk of the Superior Court of NASH county, and carried by appeal, upon a question of·law raised by the pleadings, before _Connor, Judge._

The petitioner alleged in his petition :

1. That William Pittman, Sr., late of this county, died intestate, and without leaving any surviving wife, several years prior to 1848; leaving him surviving two children, William Pittman, Jr., and his sister,· ...... Pittman, the intestate's only heirs-at-law.

2. That upon said heirs-at-law, the intestate's real estate descended, equally to be divided as tenants in common—each of the said children being entitled to one-half thereof.

3. That said intestate, at the time of his death, was seized in fee simple of a tract of land situated in the county aforesaid, containing sixty acres more or less, and fully described by metes and bounds in a deed from William Pittman, Jr., to Redmond Wells, recorded in the register's office of Nash county, in book 19, at page 256, which is herewith filed as a part of this complaint.

4. That afterwards, the said intestate's daughter granted and conveyed her undivided interest in said land to one Redmond Wells and his heirs, and he, the said Redmond, granted and conveyed the same interest and estate to the defendant, John D. Wells and his heirs.

5. That prior to the first day of April, 1848, the said William Pittman, Jr., granted and conveyed his undivided one-half interest in said land, to the said Redmond Wells by the deed described in paragraph (3) above, to said grantee for and during his natural life.

6. That the said Redmond Wells died in November, 1883, having previously, by deed, conveyed all his interest and estate in said land to the defendant;

7. That said William Pittman, Jr., by a deed dated July 11, 1885, granted and conveyed his one-half interest in said land to the plaintiff, B. H. Bunn and his heirs and assigns; that the plaintiff and defendant are tenants in common, and he prays for a partition of said land.

The defendant answering the petition, alleged that on the 4th day of April, 1848, the said William Pittman, Jr., by deed, granted and conveyed to the said Redmond D. Wells, his undivided one-half interest in said land, and that said deed, by proper construction, conveyed to the said Redmond D. Wells the fee simple in said land, and that he was sole seized of the same.

The limitation in the deed referred to by defendant was in the following words: "To have and to hold one-half of the said tract of land; and I, the said William Pittman, do warrant and defend the said bargained tract of land unto the said Redmond D. Wells, his heirs and assigns, against the lawful claim of any person or persons claiming the same in any manner whatever."

His Honor adjudged that the said deed conveyed an estate in fee simple, and that the plaintiff had no interest in the land, and that the defendant was sole seized thereof, from which judgment the plaintiff appealed to this Court.

*Mr. Jacob Battle,* for the plaintiff.
*Mr. Hugh F. Murray,* for the defendant.

ASHE, J., (after stating the case).    It is an established rule of
the interpretation of deeds, that the intention of the parties
should control unless inconsistent with some rule of law.

In the case of *Parkhurst* v. *Smith,* Willes Rep., 332, Lord
Chief Justice WILLES on this subject said, "the construction of
deeds ought to be favorable, and as near to the intent of the
parties as possibly may be, and as the law will permit.    That
too much regard is not to be had to the natural and proper sig-
nification of words and sentences, to prevent the simple intention
of the parties from taking effect, for the law is not nice in grants,
and therefore it doth often *transpose* words, contrary to their
order, to bring them to the intent of the parties."    The rule of
construction there laid down by the learned Judge, has been
adopted by this Court, and frequently applied in the construction
of deeds—notably in the cases of *Phillips* v. *Davis,* 69 N. C., 117;
*Waugh* v. *Miller,* 75 N. C., 127; *Allen* v. *Bowen,* 74 N. C., 155;
*Phillips* v. *Thompson,* 73 N. C., 543; *Stell* v. *Barham,* 87 N.
C., 62.

Some importance may be attached to the fact, that the *haben-
dum* in the deed for our construction, is separated from the clause
of warranty by a semicolon, but that can have no effect in con-
trolling the construction, for it is a rule in reading and construct-
ing deeds, " that no regard is had to punctuation, since no estate
ought to depend upon the insertion or omission of a comma or
semicolon, and although stops are sometimes used, they are not
regarded in the construction or meaning of the instrument."    3
Wash. on Real Property, 343, and cases cited in the note.

Then disregarding the punctuation, we think the proper con-
struction of the deed in this case is, that the words " unto the
said Redmond D. Wells, his heirs and assigns," refer to and
control both the warranty and habendum.    This construction
manifestly effects the intention of the parties, for if only a life-
estate was intended, why warrant the title to the bargainee and

his heirs? In fact, this case is so directly on "all fours" with the case of *Phillips* v. *Thompson, supra,* that the decision in that case controls and is decisive of this. There the words of limitation were, "To have and to hold all and singular the premises, and we do for ourselves, our heirs and executors and administrators warrant and forever defend against the lawful claims of all persons whatsoever unto him the said Council Best, to him, his heirs and assigns forever," and it was held this deed conveyed the fee simple.

Our conclusion is there is no error, and the judgment rendered by the Judge of the Superior Court is affirmed. Let this be certified to the Superior Court of Nash county, to the end the case may be disposed of in conformity to this opinion.

No error.                                    Affirmed.