MARMADUKE RICKS v. W. J. PULLIAM, Trustee, et. als.

*Deeds—Fee Simple—Words of Inheritance—Construction—Warranty in Fee.*

1. Where it is the manifest purpose of a deed to pass a fee, the Court will effectuate this purpose, if it can do so by any reasonable interpretation.

2. In the construction of deeds, the aim of the Court is to give effect to the intention of the parties, and to do so, it may transpose words and clauses of the instrument. Such transposition, however, must be reasonable, and render the whole instrument consistent and give effect to the obvious intent.

3. Where a clause of warranty is interjected between the words of conveyance and the words of inheritance in a deed, the latter will be construed so as to qualify the quantity of the title conveyed as well as the warranty, and a fee-simple will pass.

(*Stafford* v. *Jones*, 91 N. C., 189; *Stell* v. *Barham*, 87 N. C., 62, cited and approved).

CIVIL ACTION to recover land, tried before *Connor, Judge,* at Fall Term, 1885, of the Superior Court of NASH county.

The only evidence of title produced by the plaintiff, was a Sheriff's deed, dated the 13th day of February, 1843, purporting to convey the land of R. H. Ricks to him, in pursuance of a sale thereof, made under an execution in the Sheriff's hands authorizing the same.

Before the date of that deed, and before the execution under which the sale was made created any lien upon the land in question, the said R. H. Ricks conveyed the same land to John E.

15

Lindsey, Trustee, &c., by his deed, the material parts of which are as follows :

"This indenture, made and entered into this 14th day of February, 1838, by and between Ruffin H. Ricks, of the county of Nash, and State of North Carolina, of the one part, and John E. Lindsey, of the county and State aforesaid, of the other part : Witnesseth, that for and in consideration of the sum of ten dollars, to me, the said Ruffin H. Ricks, in hand paid by the said John E. Lindsey, the receipt whereof is hereby acknowledged, have bargained and sold unto him, the said Lindsey, the following named property, to-wit : All the lands and tenements whereon I now live, composed of several tracts, joining the lands of Dickerson Ricks, Matthew Vick, Turner P. Westray and others, said to contain 410 acres ; one other tract called the Gandy land, adjoining the lands of Matthew Vick, Amos Joiner, John Barnes and others, said to contain 700 acres more or less. Also all of my stock of cattle, sheep and horses, together with all my household and kitchen furniture, and all other of my goods and chattels of every description, together with the following negro slaves, to-wit : John, Minor, Harriet and Hager; the right and title of the aforesaid property I do warrant and forever defend unto him, the said John E. Lindsey, his heirs and assigns forever. In testimony whereof I have hereunto set my hand and seal this day and year first above written.

RUFFIN H. RICKS, (Seal).

Witness : JOHN H. VICK.

Nevertheless the above deed of sale is in trust for the following purposes, to-wit : "I, the said Ruffin H. Ricks, stands justly indebted to Samuel W. W. Vick, in the following sums, to-wit :" &c., &c. "Now if the said Ruffin H. Ricks, shall sell and truly pay and satisfy all of the aforesaid debts, together with the interest, and all such necessary expenses which may accrue in and about this instrument, on or before the 15th day of April, 1838, then this instrument to be null and void, and if otherwise, the

said John E. Lindsey is fully authorized and empowered to take into his hands and custody, all of the aforesaid mentioned property, or so much thereof as will pay and satisfy all of the within mentioned claims, and sell the same for cash, after giving twenty days' notice, by advertisement at three public places in the county of Nash, at the house of the said Ruffin H. Ricks; and the money arising from such sale, first to pay and satisfy the within mentioned claims, in the order as they are stated, and the balance to pay over to the said Ruffin H. Ricks, his order or assigns.

In testimony whereof, we, the said Ruffin H. Ricks and John E. Lindsey, hath hereunto set our hands and seals this the day and year first above written."

RUFFIN H. RICKS, (Seal).<br>JOHN E. LINDSEY, Trustee, (Seal).

JOHN H. VICK.

Afterwards, the said John E. Lindsey executed a deed for the same land, to Bennett Barnes, and the following is a copy of such parts thereof as are material here: "This indenture made this 11th day of November, A. D. 1841, between John E. Lindsey, of Nash county, and State of North Carolina, of the one part, and Bennett Barnes, of the county and State aforesaid, witnesseth: That for and in consideration of the sum of two hundred dollars, to him, the said Jno. E. Lindsey, in hand paid, the receipt whereof is hereby acknowledged, have bargained and sold to him, the said Bennett Barnes, by virtue of a deed of trust executed to me by Ruffin H. Ricks, for certain purposes therein mentioned, on the 8th day of April, 1841, a certain tract or parcel of land, composed of several tracts, which was sold on the 8th day of April aforesaid, to the highest bidder for cash, at the house of said Ruffin H. Ricks, at which sale the aforesaid Bennett Barnes became the last and highest bidder at the sum of two hundred dollars for the said land and tenements, &c."

" To have and to hold the said lands and premises, free and clear from all encumbrances made, had or done by me, my order or procurement; and further, I do warrant and forever defend the right and title of the aforesaid land and premises, to him, the said Bennett Barnes, his heirs, executors, administrators and assigns forever, so far as the said Ruffin H. Ricks had any right to the same at the time of executing the said trust, and at the time of selling the same under the said trust, and no further.

"In testimony whereof I have hereunto set my hand and seal this day and date above written."

J. E. LINDSEY, Trustee. [Seal.]
Signed, sealed and delivered in presence of
Attest: BYN. B. TUNNELL,
JOHN THORPE."

The defendants claimed title under these deeds, and other mesne conveyances.

The facts of the case settled upon appeal, necessary to be set forth here, are as follows:

" J. E. Lindsey died August 21st, 1883; this suit was brought Spring Term, 1884.

"The plaintiff insists that only a life estate passed by the deed from Ruffin H. Ricks to J. E. Lindsey, and from Lindsey to Bennett Barnes, words of inheritance only appearing in the warranty in said deeds, and that on the death of J. E. Lindsey, the fee simple belonged to the plaintiff, under his deed from the Sheriff.

" The defendant insists by proper construction and transposition of word " heirs," a fee simple was conveyed by Ruffin H. Ricks to J. E. Lindsey, and by Lindsey to Bennett Barnes, and that words of inheritance were omitted by mistake of the draftsman.

" It was agreed that if his Honor should render judgment in favor of plaintiff, that he should give judgment for the possession of the land and for one hundred and fifty dollars damages, and the costs.

" His Honor being of opinion, upon inspection of the deeds put in evidence, that it was the intention of the parties to convey a fee simple by said deeds, and also that a fee simple passed by the deed from Ruffin H. Ricks to J. E. Lindsey, rendered judgment against the plaintiff for costs."

The plaintiff having excepted, appealed to this Court.

*Mr. Hugh F. Murray,* for the plaintiff.
*Messrs. B. H. Bunn* and *Jacob Battle,* for the defendant.

MERRIMON, J. (after stating the facts). We are of opinion that both the deeds in question contained words of inheritance sufficiently expressed, and that they each passed the fee simple. It is very manifest from their purpose, scope and terms, although confusedly expressed, that the parties to them respectively, intended to pass the fee. And if the Court can give them any reasonable interpretation that will effectuate this purpose, it must do so. In the construction of such instruments, the aim of the Court is to give effect to the intention of the parties. It seeks to do so. And with this view, it will have regard to the whole instrument, and not simply the orderly parts; it may, and ought, if need be, transpose words, clauses and sentences, and sometimes parts of sentences not in juxtaposition. Such transposition, however, must be reasonable, render the whole instrument consistent, and give effect to the obvious intent. *Stafford* v. *Jones,* 91 N. C. 189 ; Broome's Legal Maxims, 445.

The deeds before us are very confused in their provisions. While the general purpose of each is plain, their several parts are disjointed, disorderly and obscure. It was conceded on the argument, that they were ill drawn, informal and not punctuated at all. So that the court is left much at large to decipher the meaning, relation and bearing of their constituent parts.

As to the one first mentioned : The warranty clause is interjected between the operative words of conveyance and the words of inheritance. The latter were intended to apply and refer to, and be read in connection with, the words of conveyance, and

fix the quantity of the title conveyed, as well as the clause of warranty—otherwise, they would be meaningless and mere surplusage. Why warrant the title to the heir, if it was intended that only a life estate should pass by the deed ? In such case, the heir could have no estate—there would be no fee to warrant! But treating the words of inheritance as fixing the quantity of the estate conveyed, they would have meaning and operative force, and render the conveying clause of the deed, and the clause of warranty, consistent, and effectuate the intent. Thus. interpreted, the clauses referred to must be taken as if they were written in the proper connection, thus, " have bargained and sold unto him, the said Lindsey the following named property, * * * * * * *, unto him the said John E. Lindsey, his heirs and assigns forever, the right and title of the aforesaid property I do warrant and forever defend unto him, the said John E. Lindsey his heirs and assigns forever. "

And for like reason, the second deed mentioned must be taken as if written in the proper connection, thus, " To have and to hold the said lands and premises * * * to him, the said Bennett Barnes, his heirs, &c., * * * * and further I do warrant and forever defend, the right and title of the aforesaid land and premises, to him the said Bennett Barnes, his heirs " &c.

It seems to us that such interpretation is not unreasonable ; it renders material parts of each deed referred to, consistent with each other, while it gives just effect to the clear intent of the. parties to each.

What we have said, is in effect sustained by numerous similar cases decided by this Court. We cite only that of *Stell* v. *Barham*, 87 N. C., 62, in which several others are referred to and commented upon.

The judgment must be affirmed.

No error.                                        Affirmed.

Mr. Justice Ashe dissented from the decision of this case on the ground that it is not supported by the decision in *Stell* v. *Barham*, 87 N. C., 62.