\*MARY F. ANDERSON et al. v. G. W. LOGAN.

*Pleading—Counter-claim—Deed, Construction of—"Heirs."*

1. The facts relied upon as the basis of a defence or counter-claim must be set out in an answer with the same precision as is requisite in a complaint, and, therefore, a defendant who expects to prove that there was an actual mistake by which the word "heirs" was omitted from a deed which he proposes to offer in evidence, or to insist that there is internal evidence in such deed that the grantor intended to convey the fee and omitted the word of inheritance by mistake, must set up his equity in his answer.

2. The Courts, in order to carry out the intent of the grantor, where it could be gathered from the face of a deed, have construed conveyances as passing an estate of inheritance in all cases where the word "heirs" was joined as a qualification to the name or designation of the bargainees, even in the clause of warranty. or where the covenant of warranty was confused with the premises or *habendum*, if, by a transposition of it, or by making a parenthesis, or in any way disregarding punctuation, the word "heirs" could be made to qualify the apt words of conveyance in the premises, or the words "to have and to hold" in the *habendum* and *tenendum*, even though it was made to do double duty as a part of the covenant of warranty.

3. Where there are no words of conveyance in the instrument. or where the word "heirs" does not appear in any part of the deed except in connection with the name of the bargainor, or with some expression, such as "party of the first part," used in the clause of warranty, or elsewhere, to designate the grantor, the deed, if executed before the Act of 1879 was passed, will be construed as vesting only a life estate in the bargainee.

4. Where the deed set forth that the bargainors, "for and in consideration of the sum of two thousand dollars to them in hand paid by J. W., doth give, grant, bargain, sell and convey all of the piece or parcel of land, or so much as our interest, lying and being," &c. (giving a description of the land), "to have and to hold all of our interest in the above-mentioned lot *from ourselves, our heirs* and all that may claim *under us* and our *assigns* forever, all that above-mentioned lot and premises": *Held*, that the bargainee took only a life estate.

---

\*Head notes by AVERY, J.

This was an Action for the Recovery of Land, tried at the Spring Term, 1889, of the Superior Court of RUTHERFORD County, before *Clark, J.*

The plaintiffs offered a deed to Mildred Bowen from the executors of James Bowen, dated December, 1825, which, it was admitted, covered the land in controversy, and also the record of the will of James Bowen, proven in October, 1825. The plaintiffs also proved that Joseph Bowen, the husband of said Mildred, was in possession before her death, and that said Mildred Bowen, and those claiming under her, had continuous possession of said lot or land in dispute from the year 1831 till the year 1869.

The said Mildred Bowen was twice married—first to Jos. Bowen, by whom she had a son, Thomas Bowen, who died, without issue, in April, 1879, and Mary F. Bowen, who inter-married in 1846 with Joseph Anderson, who died in 1847; and second, to J. H. Wilkins, the issue of which marriage were the plaintiff W. T. Wilkins and the plaintiff Sarah J. Wilkins, who inter-married with John Tillinghast. J. H. Wilkins died in the year 1884, and this action was brought in the year 1885.

The defendant offered in evidence a deed from W. T. Wilkins and S. J. Wilkins (now Tillinghast), dated in 1864, covering the *locus in quo,* and contended that it was a deed in fee-simple. The Court held that it conveyed only an estate during the life of J. H. Wilkins, and defendant excepted.

The defendant asked that an issue be submitted to the jury as to the true construction of the deed. The Court declined, and defendant excepted.

The Court, at the close of the evidence, remarked to counsel that it would have submitted an issue as to whether the deed had been made for a life estate by mutual mistake, but there had been no evidence tending that way.

The defendant then offered in evidence a deed from Martin Walker, Sheriff of Rutherford County, to defendant, for

all the interest of J. H. Wilkins in the *locus in quo*, dated November 3, 1869.

The Clerk testified that after diligent search he could find no execution against J. H. Wilkins, as recited in said deed. The defendant entered into the possession of the property soon after the date of said deed, and had been in continuous possession ever since.

### EXHIBIT "A."

This indenture, made and entered into this 12th day of September, in the year of our Lord one thousand eight hundred and sixty-four, between Sarah Jane Wilkins and William Terrell Wilkins of the county of Rutherford, State of North Carolina, of the one part, and J. H. Wilkins, of the aforesaid county, of the other part—

Witnesseth: That for and in consideration of the sum of two thousand dollars, to them in hand paid by the said J. H. Wilkins, doth give, grant, bargain, sell and convey, all that piece or parcel of land, or so much as our interest, lying and being in the township of Rutherfordton, and county and State aforesaid, beginning at the corner of said lot, next to the court-house, and runs thence 8 west with Main street 80 feet 7 inches, to the corner of McEntire's lot, on said street; thence north 82 west 116 feet 10 inches to a stake, on the side of the back street; thence south 8 west 94 feet 7 inches to the corner of the lot purchased of Graham; thence with the line of said lot south 82 east 282 feet 10 inches to the public square, the other corner of the Graham lot; thence north 82 east 14 feet with the line of the public square to a stake; thence south 82 east to the beginning, agreeable to the plan and plot of said lot and premises: to have and to hold all our interest in the above mentioned lot from ourselves, our heirs, and all that may claim under

ANDERSON *v.* LOGAN.

us, and our assigns forever, all that above mentioned lot and premises.

SARAH J. WILKINS. [Seal.]

W. T. WILKINS. [Seal.]

Witness: WM. ANDERSON,
T. B. TWITTY.

The defendant asked the Court to instruct the jury that plaintiff, on the evidence, could not recover, because—

1. The claim was barred by the statute of limitations.

2. Because James Bowen's will did not give his executors power to make sale of his realty.

3. Mrs. Anderson was sole heir at law of Joseph Bowen, and that her title was barred by statute of limitations.

No title or color of title in Joseph Bowen having been shown, the Court so refused to charge. Exception by defendant. Verdict for the plaintiff on all the issues as set out in the record.

Motion by defendant for new trial, assigning as errors the exceptions above noted. Motion overruled; judgment signed; appeal by defendant.

Counsel for defendants abandoned in this Court the exceptions not set forth above. The defendant excepted.

*Messrs. J. A. Forney* and *M. H. Justice,* for plaintiffs.

*Messrs. T. P. Devereux, W. A Hoke* and *J. C. L. Harris,* for defendants.

AVERY, J.—after stating the facts: The facts relied upon as constituting the basis of a defence or counter-claim, must be set out in an answer with the same precision as is requisite in a complaint. *Rountree* v. *Brinson,* 98 N. C., 107. Therefore, an equitable defence must be set forth in an answer, as well as proven on the trial, just as the grounds of equitable relief demanded must be distinctly alleged in a

complaint, and the *probata* made to correspond. In *Vickers* v. *Leigh*, 104 N. C., 248, the plaintiffs brought their action (in the nature of a bill in equity) to correct a mistake in omitting the word "heirs" from the deed, and the prayer in the bill in *Rutledge* v. *Smith*, Busbee's Eq., 283, was that a similar mistake be corrected in the same way. So that, if we were to concede (though we are not prepared to do so) that there is internal evidence in the language of the deed sufficient to show that the grantors intended to convey the fee, and omitted the word "heirs" by mistake, the answer fails to set up any such equity, or any but strictly legal grounds of defence. It is needless, therefore, to draw distinctions between the form of this deed and that which was the subject of the action in *Vickers* v. *Leigh, supra.* We could not *ex mero motu* grant equitable relief to the parties who fail to lay the necessary foundation by alleging the facts which, as they claim, entitle them to it.

But the defendant contends that even in a Court of law, under the old system, the deed would have been so construed by transposing the word "heirs" from the covenant of warranty to the *habendum* as to make it pass to J. H. Wilkins the fee in the land conveyed. The old established rule was that, in order to create an estate of inheritance, the word "heirs" must appear either in the premises or the *habendum* of the deed. 2 Black, 298; *Stell* v. *Barham*, 87 N. C., 62. The Courts, in order to carry out the intent of the grantor, where it could be gathered from the face of a deed, have, in a liberal spirit, construed conveyances as passing an estate of inheritance in all cases where the word "heirs" was joined as a qualification to the name or designation of the bargainees, even in the clause of warranty, or where the covenant of warranty was confused with the premises or *habendum*, if, by a transposition of it, or by making a parenthesis, or in any way disregarding punctuation, the word "heirs" could be made to qualify the apt words of conveyance in the

premises, or the words "to have and to hold" in the *haben-dum* and *tenendum,* even though it was made to do double duty as a part of the covenant of warranty. Among the cases falling under this principle are *Staton* v. *Mullis,* 92 N. C., 623; *Graybeal* v. *Davis,* 95 N. C., 508; *Hicks* v. *Bullock,* 96 N. C., 164; *Bunn* v. *Wells,* 94 N. C., 67; *Ricks* v. *Pulliam,* 94 N. C., 225; *Phillips* v. *Thompson,* 73 N. C., 543; *Waugh* v. *Miller,* 75 N. C., 127; *Allen* v *Bowen,* 74 N. C., 155; *Phillips* v. *Davis,* 69 N. C., 117.

But where there are no words of conveyance in the instrument, or where the word "heirs" does not appear in any part of the deed, except in connection with the name of the bargainor, or with some expression such as "party of the first part," used in the clause of warranty, or elsewhere, to designate the grantor, the deed, if executed before the Act of 1879 was passed, will be construed as vesting only a life estate in the bargainee. *Batchelor* v. *Whitaker,* 88 N. C., 350; *Stell* v. *Barham, supra.*

The material portions of the conveyance, referred to as exhibit "A," are as follows: "Witnesseth, that for and in consideration of the sum of two thousand dollars, to them in hand paid by the said J. H. Wilkins, doth give, grant, bargain, sell and convey all of the piece or parcel of land, or so much as our interest, lying and being," &c. (giving a description of the land), "to have and to hold all of our interest in the above mentioned lot *from ourselves, our heirs* and all that may claim under us, and our assigns forever, all that above mentioned lot and premises." The instrument is written in the first person and the word "heirs" is used only once, qualified by the pronoun "our," and plainly referring to the bargainors, so that no transposition can cure the fatal defect.

If there were no other difficulty in the way, we could not declare that the word of inheritance had been omitted by mistake, where there is no allegation of mistake in the answer, and we find among all the cases decided by this

Court, no instance in which the word "heirs," when distinctly used in connection with the word or designation of a bargainor, in a covenant of warranty, has been made to serve the additional purpose of creating an estate of inheritance in the bargainee.

There is no error. The judgment of the Court below must be affirmed.

Affirmed.