CAROLINA REAL ESTATE COMPANY v. LULA BLAND ET AL.

(Filed 23 March, 1910.)

**Deeds and Conveyances—Heirs—Construction—Intent—Fee Simple.**

While the common law was exacting in its requirement that, to make a fee-simple conveyance, the word "heirs" should appear either in the premises or habendum of the deed, our courts construe the instrument more liberally for the intent of the grantor, transposing words and disregarding punctuations when such may reasonably be done. Hence, the words in the conveyance clause in a deed to lands being J. D. P., with warranty to him, "his heirs and assigns," it will be construed as a fee simple. Acts of 1879, ch. 148; Revisal, sec. 946.

APPEAL from *Guion, J.,* January Term, 1910, of PENDER.

Civil action to determine the title to land, heard on case agreed. From the facts, as stated, it appears that on 1 January, 1850, one Isaac W. West, of Duplin County, N. C., conveyed to one John D. Powers, of New Hanover County, N. C., three tracts of land, properly describing the same, which said deed was duly recorded. The premises of said deed were as follows:

"This indenture, made this 1st day of January, A. D. 1850, between Isaac W. West, of Duplin County, of the first part, and John D. Powers, of New Hanover County, of the second part—Witnesseth:

"That for and in consideration of the sum of $60 in hand paid by the said John D. Powers, the receipt whereof is hereby acknowledged before the signing and sealing of these presents, the said Isaac W. West hath bargained, sold and conveyed, and by these presents doth bargain, sell and convey unto the said John D. Powers three certain tracts of land lying and being in the county of New Hanover and bounded as follows, viz.:"

Then follows a proper description of the three tracts of land, and the deed continues:

"The title to which I, the said Isaac W. West, of the first

part, do warrant and defend against the lawful claims of myself and any other person whatsoever, unto the said John D. Powers, his heirs and assigns.

"In testimony whereof, I have hereunto set my hand and seal, day and date above written."

The plaintiff by mesne conveyances holds the title conveyed in said deed to the grantee therein, John D. Powers. Isaac West, the grantor in said deed, died several years ago, leaving defendant Lula Bland and others, his children and heirs at law; and plaintiff has acquired and holds by quitclaim deeds all of the interests of Isaac West's heirs in said land, except that of defendant Lula Bland; and, upon the facts stated, it was agreed that if the court should be of opinion that the deed in question conveys a fee-simple interest to John D. Powers, judgment should be entered for plaintiff; but if said deed only conveys a life estate to the grantee, then judgment shall be entered in favor of Lula Bland for one undivided sixth of said land.

The court, being of opinion that the deed only conveyed a life estate, entered judgment for defendant, and plaintiff excepted and appealed.

*Joseph W. Little* for plaintiff.
*Faison & Wright* for defendant.

HOKE, J., after stating the case: The deed in question bears date in 1850, long prior to the enactment of the statute providing that a deed with or without the word heirs should be construed as a conveyance in fee, "unless such conveyance shall in plain and express words show that the grantor meant to convey an estate of less dignity" (Acts 1879, ch. 148; Code, sec. 1280; Revisal, sec. 946), and the rights of these parties will be considered and determined unaffected by that statute.

Speaking, therefore, to the question presented, the Court, in *Smith v. Proctor,* 139 N. C., 314-319, said: "A series of decisions have also established the proposition that whenever the word 'heirs' appeared in an instrument as qualifying the interest of the grantee and indicative of his estate, whether in the premises, the habendum or the warranty, same would be transposed and inserted in that portion of the deed which would cause same to operate as a conveyance of a fee-simple interest, when such was the purpose of the grantors. And in *Vickers v. Leigh,* 104 N. C., 248, it was decided that in a deed conveying the legal estate, although the word 'heirs' did not appear, the deed would be held to convey an estate of inheritance if the same on its face contained conclusive intrinsic evidence that a

fee-simple estate was intended to pass, and that the word 'heirs' was omitted from the instrument by ignorance, inadvertence or mistake. This case has since been uniformly upheld and acted on by this Court, where the evidence of intent to convey a fee simple was of this character, and appeared so clearly from the face of the instrument that the court could see that the words of ·inheritance were omitted by mistake."

The common law was more exacting in reference to the use of the word "heirs" in order to a fee-simple conveyance, requiring that this word should appear as indicating the estate of the grantee either in the premises or habendum, and it was very generally held that these words when they appeared in the warranty clause alone would not have the effect of enlarging a life estate conveyed in the premises or habendum into a fee. But our Court at an early period commenced to draw away from the strictness of the common-law rule in this respect, and a perusal of a large number of cases bearing upon and controlling the question will fully justify and uphold the above citation from *Smith v. Proctor,* as a correct deduction from the decisions.

Thus, in *Phillips v. Thompson,* 73 N. C., 543, it was held: "A. and B. conveyed certain land to C. D., by deed, containing the following limitation: 'to have and to hold all and singular the aforesaid land and premises, and we do for ourselves, our heirs, executors and administrators, warrant and forever defend against the lawful claim or claims of all persons whatsoever, unto the said C. D., to him, his heirs. and assigns forever.' C. D. died, and the bargainors instituted an action to recover the land, alleging that only a life estate passed under the deed: *Held,* that the deed conveyed the fee simple."

And *Settle, J.,* delivering the opinion, said: "This Court, following the well-established rule that the construction of deeds should be favorable and as near the minds and apparent intents of the parties as the rules of law will admit, has sanctioned the transposition of words in a sentence, has in at least two cases given to words no better arranged than they are in this deed the effect of a conveyance in fee. *Armfield v. Walker,* 27 N. C., 580; *Phillips v. Davis,* 69 N. C., 117."

In the next volume, 74 N. C., 155, in *Allen v. Bowen,* the language of the deed was as follows: "A tract or ·parcel of land lying and being in the upper end of the Charles Latham tract which we have drawn, agreeable to the division that has been made, and if said division shall not stand, the understanding is that we sell all the right, title and claim that we have in the

lands of Langley Respass, Sr., deceased, unto the said William Bowen, Sr., of the second part, and by these presents hath bargained and sold and conveyed our land or right aforesaid, which we do warrant and forever defend. And we, Thomas A. Pritchett and Elizabeth, his wife, doth for themselves, their heirs, executors, administrators and assigns forever, the land to the said William Bowen, his heirs, executors, administrators and assigns forever, clear of all encumbrances whatever." *Held,* that the deed conveyed a fee.

In *Staton v. Mullis,* 92 N. C., 623, it was held: "1. When the habendum and warranty clause of a deed are joined, and the intention to convey a fee is clear, the words of inheritance will be so transposed as to connect them with the conveying terms, so as to secure the intended effect of the deed."

And *Smith, C. J.,* said: "Objection was also taken to the operation of several of the deeds, particularly to that executed in October, 1819, by Vernal Adams to Frederick Staton, and to that by the latter to the plaintiff, as conveying, for want of words of inheritance, a life estate only to the respective grantees. In reference to this construction of the deeds it is only necessary to say that in form they are quite as favorable to a construction which passes an estate in fee as that before the Court in *Allen v. Bowen,* 74 N. C., 155, and equally admit the transfer of the concluding words, 'his heirs and assigns forever,' which follow the clause of warranty, to the operative conveying words of the instrument.

"In *Allen v. Bowen, supra,* the intention is declared to be to 'sell all the right, title and claim' of the grantor in the premises, and the concluding clause is as follows: 'And we, Thomas A. Pritchett and Elizabeth, his wife, do, for themselves, their heirs, executors, administrators and assigns forever, the land to the said William Bowen, *his heirs,* executors, administrators, and assigns forever, clear of all encumbrances whatever.' While this was an independent sentence, separated by a period from the preceding operative words, it was transposed and annexed to them, to give the deed effect as a conveyance of the inheritance, in carrying out the manifest intent of the parties to it."

Intimation is also given that the case of *Stell v. Barham,* 87 N. C., 62, a decision much relied on by defendant, has perhaps gone too far in upholding the strictness of the ancient common-law rule of interpretation. And it may be well here to note that in the case of *Allen v. Baskerville,* 123 N. C., 126, the word "heirs" did not appear in the instrument at all, and so the question we are now discussing was not presented.

Later, in *Bunn v. Wells,* 94 N. C., 67, the Court held:

"1. In the construction of deeds no regard is had to punctuations; but the *intention* of the parties should control, unless in conflict with some rule of law.

"2. A deed containing the following clauses, 'To have and to hold one-half of the said tract of land; and I, the said P. (the bargainor), do warrant and defend the said bargained tract of land unto the said W. (the bargainee), his heirs and assigns, against the lawful claim of any person or persons claiming the same in any manner whatever,' conveys the title to the lands therein described in fee simple to the bargainee."

And *Ashe, J.,* delivering the opinion, said:

"In the case of *Parkhurst v. Smith,* Willes Rep., 332, *Lord Chief Justice Willes,* on this subject said, 'The construction of deeds ought to be favorable, and as near to the intent of the parties as possibly may be, and as the law will permit. That too much regard is not to be had to the natural and proper signification of words and sentences, to prevent the simple intervention of the parties from taking effect, for the law is not nice in grants, and therefore it doth often transpose words, contrary to their order, to bring them to the intent of the parties.' The rule of construction there laid down by the learned judge has been adopted by this Court and frequently applied in the construction of deeds, notably in the cases of *Phillips v. Davis,* 69 N. C., 117; *Waugh v. Miller,* 75 N. C., 127; *Allen v. Bowen,* 74 N. C., 155; *Phillips v. Thompson,* 73 N. C., 543; *Stell v. Barham,* 87 N. C., 62. Some importance may be attached to the fact that the habendum in the deed for our construction is separated from the clause of warranty by a semicolon, but that can have no effect in controlling the construction, for it is a rule in reading and construing deeds, 'that no regard is had to punctuation, since no estate ought to depend upon the insertion or omission of a comma or semicolon, and although stops are sometimes used, they are not regarded in the construction or meaning of the instrument.' 3 Wash. on Real Property, 343, and cases cited in the note.

"Then, disregarding the punctuation, we think the proper construction of the deed in this case is that the words 'unto the said Redmond D. Wells, his heirs and assigns,' refer to and control both the warranty and habendum. This construction manifestly affects the intention of the parties, for if only a life estate was intended, why warrant the title to the bargainee and his heirs?"

These, and other decisions of like import, fully justify the

principle of construction as broadly stated by *Associate Justice Avery,* delivering the opinion of the Court in *Anderson v. Logan,* 105 N. C., 266-270, as follows:

"The old established rule was that, in order to create an estate of inheritance, the word 'heirs' must appear either in the premises or the habendum of the deed.    2 Black., 298; *Stell v. Barham,* 87 N. C., 62.    The courts, in order to carry out the intent of the grantor, where it could be gathered from the face of the deed, have, in a liberal spirit, construed conveyances as passing an estate of inheritance in all cases where the word 'heirs' was joined as a qualification to the name or designation of the bargainees, even in the clause of warranty, or where the covenant of warranty was confused with the premises or habendum, if, by a transposition of it, or by making a parenthesis, or in any way disregarding punctuation, the word 'heirs' could be made to qualify the apt words of conveyance in the premises, or the words 'to have and to hold' in the habendum and tenendum, even though it was made to do double duty as a part of the covenant of warranty.    Among the cases falling under this principle are *Staton v. Mullis,* 92 N. C., 623; *Graybeal v. Davis,* 95 N. C., 508; *Hicks v. Bullock,* 96 N. C., 164; *Bunn v. Wells,* 94 N. C., 67; *Ricks v. Pulliam,* 94 N. C., 225; *Phillips v. Thompson,* 73 N. C., 543; *Waugh v. Miller,* 75 N. C., 127; *Allen v. Bowen,* 74 N. C., 155; *Phillips v. Davis,* 69 N. C., 117.

"But where there are no words of conveyance in the instrument, or where the word 'heirs' does not appear in any part of the deed, except in connection with the name of the bargainor, or with some expression, such as 'party of the first part,' used in the clause of warranty, or elsewhere, to designate the grantor, the deed, if executed before the act of 1879 was passed, will be construed as vesting only a life estate in the bargainee."    Citing *Batchelor v. Whitaker,* 88 N. C., 350; *Stell v. Barham, supra.*

A statement almost identical with the excerpt from *Smith v. Proctor,* quoted above.

It was suggested for defendant that in this last case the deed was held to convey only a life estate, and this is true, for the reason that the word "heirs" did not appear as qualifying or describing the estate of the grantee in any part of the instrument.    But in the same volume, *Winborne v. Downing,* 105 N. C., 20, the word "heirs" was used in connection with the name of the grantee, and only in the clause of warranty, and it was held that an estate in fee was conveyed by the deed.    And like ruling was made in a subsequent case of *Mitchell v. Mitchell,* 108 N. C., 542.    In both of these last cases the deeds were with-

out a habendum, as in our case, making them authorities directly apposite to the question presented; the operative words of the deed in this last case being as follows:

"This indenture, etc., witnesseth, that for and in consideration that he, the said Jack E. Mitchell, is to live with me, the said John Mitchell, and take care of me, the said John Mitchell, and my wife, Sally, so long as we both live, and that I, the said John Mitchell, doth give to the said Jack Mitchell all of the tract of land whereon I now live at my death, containing 169 acres, and that I, the said John Mitchell, do hereby warrant and defend the right and title of said land to Jack E. Mitchell and his heirs forever against the claims of all persons whatsoever."

Not only does this well-established rule of interpretation obtain with us in actions at law, and on the face of the instrument, but a line of well-considered decisions hold that even when the word "heirs" does not appear in a deed at all, on allegations of mistakes duly made the word "heirs" would be inserted, and the deed construed to be a fee-simple conveyance, if the instrument contained on its face conclusive, intrinsic evidence that a fee-simple estate was intended to pass. This wholesome doctrine announced in *Vickers v. Leigh,* 104 N. C., 248, was referred to with approval in *Smith v. Proctor, supra,* and has been fully affirmed in the recent case of *Bryant v. Eason,* 147 N. C., 284.

These, and other like authorities applied to the language of the present deed require that the same shall be declared a conveyance in fee simple, and fully sustain the view expressed by *Associate Justice Brown,* delivering the opinion of the Court in *Triplett v. Williams,* 149 N. C., 394-396, as follows:

"We concede all that is contended for as to the common-law rule of construction, and that it has been followed in this State. But this doctrine, which regarded the granting clause and the habendum and tenendum as separate and independent portions of the same instrument, each with its special function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks at the whole instrument without reference to formal divisions, in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor, and does not regard as very material the part of the deed in which such intention is manifested."

There was error in the ruling of the court below, and same is reversed.

Error.