### JOHN W. HINSDALE v. A. G. THORNTON.

When one buys land and the contract complies with the statute and is put in writing, he acquires an *estate* in equity, and the vendor holds the legal estate in trust for himself, to secure the payment of the purchase money, and then in trust for the vendee. But although the vendee acquires an *estate* in equity, his equitable estate *is not* a trust subject to sale under *fi. fa.* until the trust in favor of the vendor is satisfied by payment of the purchase money in full, when it becomes an *unmixed* trust estate.

A *right* in equity to convert the holder of the legal estate into a trustee and call for a conveyance, is not such a *trust estate* as can be sold under a *fi. fa.*

This was a PETITION to Rehear, filed at this term by the plaintiff, the case between the same parties, decided at January Term last of this court, and reported in 74 N. C. Rep., in which the facts of the case are fully set out.

The errors assigned in the petition, alleged as a cause of rehearing, are stated in the opinion of Chief Justice PEARSON.

*J. C. McRae,* for petitioner.
No counsel *contra* in this court.

PEARSON, C. J. We have given to the cases relied on in the petition a *reconsideration,* for we had considered them in making the decision, and did not deem any one of them so relevant as to call for special notice in the opinion.

The petition sets out, as a matter of grievance, that the case of *Phillips* v. *Thompson,* 73 N. C. Rep., 543, " though it conflicts with the opinion, *is not noticed.*" This count sets out, as a matter of grievance, that the gentlemen of the bar, who certify, upon their professional honor, an opinion that there is error, did not advert to the fact that *the decision* in that case was, that the deed conveyed a fee simple and needed no reform. The remarks of Justice SETTLE, not necessary to the decision—or, rather, outside of the case—cannot with candor be called a *decision.* The petition to which they have given their certificate uses that word, instead of the words *obiter dictum.* The same may be said of the other cases referred to. The decisions affirm that certain interests and rights in equity are not the subjects of sale under execution. The opinions go into long discussions and *dicta,* which surely this court is not bound to notice by any special reference, or discussion in respect thereto, in its opinion.

I endeavored, by the opinion in this case, to point out the distinction between estate in equity and a mere *right* in equity. It seems I was not fortunate enough to make myself understood, or else the party interested was not open to conviction, and relied on general expressions dropped by judges in the discussion of cases, without having their attention called to the distinction adverted to.

Where one buys land and the contract complies with the statute, and is put in writing, he acquires an *estate* in

equity, and the vendor holds the legal estate in trust for himself to secure payment of the purchase money, and then in trust for the vendee. But, although the vendee acquires an *estate* in equity, it is decided that his equitable estate is not a trust subject to sale under *fi. fa.*, until the trust in favor of the vendor is satisfied by payment of the purchase money in full, when it becomes an *unmixed* trust estate, to use the words of the cases.

That a right in equity to convert one into a trustee, on the ground of " fraud, accident or mistake," is the subject of sale under *fi. fa.*, is a proposition which has no reason or authority to support it. Certainly the cases cited in the petition to rehear do not have that effect.

When one has an estate in equity, viz., a *trust estate,* which enables him to call for the legal title without further condition, save the proof of the facts which establish his estate, this trust estate is made the subject of sale under *fi. fa.* But where one has only a *right in equity* to convert the holder of the legal estate into a trustee, and call for a conveyance, the idea that this is a *trust estate,* subject to sale under *fi. fa.*, is new to us. True, his right to call for the legal estate is not subject to any further condition, save the proof of the facts alleged in support of his right; but there is no *trust estate* until the decree declares the facts and the court declares its opinion to be that the one party shall be converted into a trustee for the other. It follows that the party has no estate subject to execution-sale until the decree has vested an equitable estate in him.

One is entitled in equity to convert another into a trustee on the ground of fraud, accident or mistake. Can such a right be sold under execution, on the ground that the one party will be decreed, without condition (other than the proof of the allegations necessary ta make out his right), to convey the title? Surely not.

A is intrusted by B to buy a tract of land for him, and is furnished with the money. A takes the deed for the land in his own name. B is entitled to a decree, without conditions, positively and peremptorily, for a conveyance. Is this right of B subject to sale under execution ?

A guardian buys land with the money of his ward—is the right of the ward to follow the fund, subject to execution-sale, so that the purchaser at sheriff's sale acquires title to the land ? .

A avers that by a certain deed B intended to confer on him a fee simple estate, but that, by reason of accident or mistake, or the ignorance of the draughtsman, only a life estate passed, is the right of A to have the deed reformed, subject to execution-sale, so that the purchaser at sheriff's sale acquires, by the deed of the sheriff, title to the land ? These questions give their own answers. The many inconveniences, frauds and impositions that may grow out of the sale of such rights, under *fi. fa.*, by a latitudinous construction of the act, subjecting trusts to sale under execution, confirms us in the conclusion that the courts, in putting a strict construction upon the act, subjecting trust estates and equities of redemption to sale under execution, because in derogation and in excess of the common law rights of debtors, are fully sustained by the principles of the law.

There is no error.

PER CURIAM.                                    Petition dismissed.