The defendant demurred to the complaint of the plaintiffs and his Honor sustained the demurrer and gave judgment against the plaintiffs and Jas. C. Axley on their prosecution bond for the costs of the action.
The plaintiffs excepted to the ruling and judgment and appealed to the Supreme Court.
The plaintiffs complained as follows:
1. That they are owners of the following described entries or tracts of land in District No. 5 of Cherokee County, North Carolina, to wit (here follows the description):
2. That they are entitled to the legal title to the same by reason of the facts following, to wit: One Joseph Wilson, late of said county, but now dead, who was the father of the plaintiffs, T. N. and M. C. Wilson, purchased the said tracts of land and paid for the same and was entitled to the grant from the State of North Carolina on the payment of grant fees for same.
3. That soon after the death of said Joseph Wilson, in the year ____, C. C. Gentry and T. N. Wilson became administrators of said deceased, and that in their administration of the estate of said deceased (655) they sold the said lands and assigned the certificates of survey and other papers necessary on which to obtain grants from the State to the defendant, D. W. Deweese, and one J. M. Lovingood, that *Page 403 
the said sale embraced other lands as well as the lands herein described and was made on credit to amount of $537.50, for which notes were given, that on failure to pay, as agreed, said administrators obtained judgment against said purchasers, Deweese and Lovingood, and caused the lands herein described as entries No. 1297 and No. 2124 to be sold at execution sale by the sheriff of said county, at which sale the said C. C. Gentry, administrator aforesaid, did in the same and took deeds for said lands in his own name, and has, since said sale at execution as aforesaid, conveyed the same to T. N. Wilson, M. C. Wilson and others, heirs at law of said deceased.
4. That since the sale of the said land by the sheriff as aforesaid the defendant, D. W. Deweese, having the said papers on which to obtain grants as aforesaid, has wrongfully and without purchase or consideration other than as aforesaid on 3 May, 1892, procured grants from the State to said lands, tracts No. 1297 and No. 2194; that such issue of grants to said defendant and in his name was without the consent and against the will of the plaintiffs, and was greatly to the injury of the plaintiffs.
5. That, as aforesaid, the plaintiffs are equitable owners and entitled to the legal title to said lands.
6. That plaintiffs made demand on said defendant for said title papers after the said execution deed and before the grants for the same.
Wherefore plaintiffs ask the judgment of the court:
1. That they be adjudged owners and entitled to the legal title to said lands.
2. That D. W. Deweese be declared trustee and required to convey same to plaintiffs.
3. For the costs of the action.
The defendant, for cause of demurrer, alleged: (656)
1. That it appears on the face of said complaint that the plaintiffs have no right to maintain this action, because said plaintiffs have no interest in said lands, their said interest having been assigned to the defendant and to J. M. Lovingood for valuable consideration.
2. That at the time of the alleged sale under execution the defendant had no interest in the lands described in said complaint which was subject to sale under execution.
The allegation in a complaint that the father of the plaintiffs "purchased the said land (that in controversy) and paid for the same and was entitled to the grant from the State of North Carolina *Page 404 
on the payment of the grant fees for the same," where such lands were located within the boundary known as the "Cherokee Lands," is a sufficient declaration that the charges of the State, under the law applicable to that body of land, had been paid to the proper officer, and that nothing remained to be done in order to perfect the title but to procure a grant from the Secretary of State upon exhibiting the proper certificates of survey and paying the commissions allowed that officer for issuing it. The charges for the land having been paid in full, the interest of Joseph Wilson was no longer in the nature of an inchoate equity, but was like that of a vendee holding a bond for title or contract for purchase of land, and who has paid the whole of the stipulated price. Hinsdale v. Thornton, 75 N.C. 381. Both the interest of the vendee and of the proposed purchaser, who has paid the price agreed upon between himself and the agents of the State, are liable to (657) sale under execution for precisely the same reason. Each has a right to demand the conveyance of the legal title from the contractor, and each holds a vested equitable estate as distinguished from a mere equitable right. Hinsdale v. Thornton, supra. The fact that some little cost may attend the execution and registration of the deed or grant fails to relegate it either to the class of imperfect, incomplete or inchoate equities. The shades of difference in the details to be looked to in perfecting title are not sufficient to stamp upon one the character of an inchoate and on the other that of a perfect equity or unmixed trust. This question has never, so far as we can discover, been directly decided, but upon "the reason of the thing" there can be no doubt about the correctness of the principle we have stated.
If Joseph Wilson had paid the notes given for the purchase at one of the sales of Cherokee land, as we may infer from the language employed in the complaint, his administrators might treat the interest as a part of his real estate and procure a decree for a sale of it to make assets. They might assign it to the purchaser at the sale made under such decree, and on the failure of such purchaser to pay the price for which he gave his note, the interest might, like that of a vendee who has paid all of the purchase-money and upon the same principle, have been sold under execution to satisfy the judgment for the unpaid price. But the allegation that "in the administration of the estate of said deceased they sold the said lands and assigned the certificates of survey," is not a sufficient averment that the sale was made under lawful authority or by virtue of a decree of a competent court, which alone would authorize the intermeddling of administrators with the real estate of a decedent. The statutes which permit personal representatives to sell land under a license to make assets are in derogation of the common law, and (658) the sale of land is not to be treated in pleadings as one of the *Page 405 
usual concomitants of the "administration of the estate" of a decedent. Being out of the ordinary course of administration, the allegation should have been, not simply that the administrators sold, but that they sold "by virtue of a decree of a competent court," or "by lawful authority," or it should ordinarily have been couched in some similar language that would have indicated that they did not attempt to treat the landed interest like a chattel, to be disposed of by personal representatives in the ordinary course of administration. But while it would seem, if nothing more appeared, that the allegation as to the authority to sell was insufficient, and that the action might have been liable to dismissal on demurrer oretenus, the case assumes a different phase when we find further on in the complaint the allegation that the administrators obtained judgment upon the notes given for the purchase-money of the land at the first sale, and sold upon that judgment. The law presumes that the court acted properly in rendering the judgment, and will not permit it or the sale made under it to be attacked in this indirect and collateral way. McGlawhorn v. Worthington,98 N.C. 199. The presumption arises, when the sale on a judgment for the purchase-money is admitted to have been made, that the judgment was valid and rendered upon notes given for the interest at a sale under the proper license.
For the reasons given we think that the court erred in sustaining the demurrer. The judgment must be reversed. The demurrer should have been overruled and the defendants allowed to answer over upon such terms as the court saw fit to prescribe.
Reversed.
(659)