Daniel, J.
 

 The Judge, on the trial of this cause, was of opinion, that the deed from Unthank to Saunders conveyed but a life estate in the land; and that the clause, “ I will forever warrant and defend for me and my heirs and every other person, unto Jesse Saunders and his heirs,
 
 to have and to hold
 
 with all its (the land’s) profits and advantages appertaining,” was to be construed only as as a covenant of warranty of the title and quiet enjoyment to Jesse Saunders and his heirs of the land described in the preceding part of the deed; and that this case was, therefore, within the meaning of the cases of
 
 Roberts
 
 v. Forsythe, 3 Dev. 36,
 
 Wiggs
 
 v.
 
 Saunders,
 
 4 Dev. & Bat. 480, and
 
 Snell
 
 v.
 
 Young,
 
 3 Ired. 389, where it had been held, that, when, in a deed for land, ¿ life estate only is mentioned in the premises and habendum clause, this estate cannot be enlarged into a fee by a distinct and separate covenant of warranty in the same deed to the grantee and
 
 his heirs.
 
 The deed in question is certainly very informally drawn ; yet it does not want the essential parts of a deed, as the names of the bargainor and bargainee, the consideration, the certainty of the land intended to be conveyed, and, we think also, the estate in fee, intended to be had and held by the grantee. In the beginning of the deed, it is stated to
 
 be
 
 an indenture between Josiah Unthank and Jesse Saunders;
 
 *583
 
 and it witnesseth “I the said Josiah Unthank have this day bargained and sold” (not saying to whom) “ a certain tract of' land.” Then the grantor proceeds in the deed to describe the land, mention the consideration, and insert the covenant- of warranty of the right and title of the said land “
 
 to Jesse Saunders and his heirs to have and. to hold
 
 with all its profits, &c.” The warranty clause and the
 
 habendum
 
 clause are here blended together in the same sentence. The words “ to have and to hold with all its (the land’s) profits,” must refer to and be governed by the next antecedent in the sentence, to wit, Jesse Saunders and his heirs. If the heirs are not “to have and to hold,’’ neither can Jesse Saunders himself. It includes both or neither. And the sentence was so written to prevent tautology, in the estimation of the writer of the deed. If a deed, for a valuable consideration, give land to another and his heirs, it is a good deed on delivery to pass the estate in fee, notwithstanding it be very informally framed. Co. Lit. 7 (a), 4 Kent’s Comm. 461, and it is a rule of law, that if two constructions can be placed on a deed or any part of it, that shall be given to it, which is most beneficial to the grantee. We think, that there is enough in the deed to carry the fee to Jesse Saunders. Therefore it is unnecessary to decide ■the other points raised in the case. •
 

 Per Curiam, Judgment reversed and
 
 venire de novo
 
 awarded.