WILLIAM HOLMES and wife v. DUNCAN HOLMES and wife.

*Deed—Equitable Estate—Contract of Sale of Land—Married Woman—Purchaser affected with notice of trust.*

1. An equitable estate in fee may be declared without the use of the word "heirs," if an intention to pass such estate can be gathered from the instrument.

2. A parol contract of sale of an equitable (as well as a legal) estate in land is void under the statute.

3. The decision in *Scott* v. *Battle*, 85 N. C., 184, that a married woman's contract affecting her estate in land is void unless made in strict compliance with the statute in reference to taking her privy examination, is approved.

4. One who uses a deed in the necessary deduction of his title, which discloses an equitable title in another, is affected with notice of the trust.

(*Maxwell* v. *Wallace*, Busb. Eq., 251; *Simms* v. *Killian*, 12 Ired., 252; *Rice* v. *Carter*, 11 Ired., 298; *Shelton* v. *Shelton*, 5 Jones Eq., 292; *Shields* v. *Whitaker*, 82 N. C., 516; *Scott* v. *Battle* 85 N. C., 184; *Thompson* v. *Blair*, 3 Mur., 583, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of NEW HANOVER Superior Court, before *Avery, J.*

On the 20th day of June, 1851, William S. Campbell conveyed the land in controversy to W. C. Bettencourt and four other persons and their heirs, or the survivor of them, "in trust for Sarah Moore"—now the feme plaintiff Sarah

Holmes. In declaring the trust there were no words of inheritance used.

On the 13th December, 1858, the said trustees conveyed the same land to T. C. Worth—the said Sarah being then covert. In 1862 Worth died, and his executors, under a power contained in his will, conveyed it to one Fitzgerald, who, in 1864, conveyed it to the feme defendant Elizabeth Holmes. In all these several mesne conveyances, the land is described as that "which was conveyed to the said Bettencourt and others in trust for Sarah Moore by William S. Campbell, by deed, bearing date the 20th June, 1851, and registered," &c.

The plaintiffs offered evidence going to show that the feme plaintiff had not assented to the conveyance of the land to Worth by her trustees; and on the other hand the defendants offered evidence not only of such assent on her part, but that the real consideration of the conveyance was the emancipation by Worth of a certain slave, who was the sister of the feme plaintiff.

The first issue submitted to the jury was as follows: Was the deed executed to Worth, by the trustees, with the verbal consent of the feme plaintiff? Ans. No.

Another was: Did the plaintiff verbally consent to the execution of the deed to Worth, in consideration of the emancipation of her sister by him? Ans. Yes.

The jury also find that the plaintiff received no valuable consideration for such conveyance to Worth, and that all the purchasers had notice of the trust at the time of purchasing. The defendants moved for judgment in their favor, upon the findings as made by the jury, which being refused, they moved for a mistrial on account of the contradictions in the findings. This motion was also refused, and judgment rendered, whereby it was declared that the defendants were seized of the lands in trust for the feme plain-

tiff, and directing that the same be conveyed to her in fee. Thereupon the defendants appealed.

*Mr. D. J. Devane,* for plaintiffs.
*Messrs Russell & Ricaud* and *McRae & Strange,* for defendants.

RUFFIN, J. The first exception, we consider, is the one taken to the judgment rendered in the court below. It is insisted that inasmuch as no words of inheritance are used in declaring the trust in favor of the plaintiff Sarah, she took but a life estate, and it was error therefore to have adjudged a conveyance to her *in fee* from the defendants.

As a general proposition it is unquestionably true, that in dealing with equitable estates, the courts of chancery adopt the same rules of construction that the courts of law do, with reference to legal estates; but to this there are some few exceptions, and one is, that the use of the word "heirs," is not *always* necessary, in order to give to an equitable estate the character of inheritability, if it appear from the context that such was the clear intention of the party declaring the trust. 2 Wash. on Real Property, 186. In Lewin on Trusts, 44, it is said that to declare a trust, one need only to make his meaning plain, as to the interest he intends to give, without strictly regarding the technical terms of the common law, in the limitation of legal estates; and as instances, it is remarked, that "an equitable fee may be granted without the word "heirs," and an equitable entail without the words "heirs of the body."

Looking to the deed to the trustees in this case, we think it sufficiently appears to have been the intention of the maker, Campbell, to confer upon the plaintiff an equitable estate in fee. The language of the instrument is—"to W C. Bettencourt, &c., and their heirs, or the survivor of them, in trust for Sarah Moore." The whole estate and interest

of the bargainor passed to the trustees, and everything they took was charged with the trust in favor of the plaintiff. The trust was certainly intended to be coextensive with the legal estate, and as the one is in fee, so was the other intended to be, and so must we consider it to be.

The next position assumed for the defence is that the plaintiff, in assenting to the sale by the trustees to Worth in consideration of the emancipation of his slave, her sister, had parted with her trust estate ; and this it is insisted she could do by parol, for that, as a trust estate may be created by parol, so may one be disposed of in that manner. We were furnished with no authorities in support of this position, and so far as our researches have gone, they are all against it. In *Maxwell* v. *Wallace*, Busb. Eq., 251, a contract for the sale of an equitable interest in land was held to be within the statute of frauds, and void unless in writing ; and so too in *Simms* v. *Killian*, 12 Ired., 252, and *Rice* v. *Carter*, 11 Ired., 298. In fact, all the authorities, whether taken from the text-writers or from adjudged cases, concur in saying, that wherever anything is done, which substantially amounts to a transfer, or parting with an interest, whether legal or equitable, in lands, the contract is for the sale of "an interest in or concerning lands," and comes within the statute. The distinction which obtains between such a transfer and an original declaration of a trust is clearly pointed out by PEARSON, C. J., in *Shelton* v. *Shelton*, 5 Jones Eq., 292, and by the present Chief Justice in *Shields* v. *Whitaker*, 82 N. C., 516.

But apart from the statute of frauds, the feme plaintiff was covert at the time of the alleged assent to the sale of the property, and incapable of making *any* contract, either parol or written, that could affect her estate in the land without a strict compliance with the statute which prescribes the manner in which the deeds of married women shall be executed and authenticated. Her contract then was void,

and so absolutely void, that no equity of any kind can arise against her under it. In the very recent case of *Scott* v. *Battle*, 85 N. C., 184, this whole question was discussed, and it was held that a married woman, who had agreed by parol to sell her lands and had received the purchase money and *spent it,* could not be required to refund it, before taking back her land. To hold otherwise it was thought, would be to nullify the statute regulating the contracts of a married woman, and to enable that to be done indirectly, which the law in express terms forbids to be done directly.

This renders it unnecessary to consider the point as to the contradictions in the verdict. For whether she assented to the sale or not, and whether her assent was founded on a valuable consideration or not, were all matters perfectly immaterial, and their solution by the jury, in no wise tended to a disposition of the controversy between the parties to the action.

The deed to the trustees, besides that it conferred upon them no power to sell the land, contained a clear declaration of a trust in favor of the plaintiff Sarah, and that deed was referred to in the recitals of all the subsequent conveyances. And it is a well established rule, that where a purchaser in the necessary deduction of his title must use a deed which discloses an equitable title in another, he will be affected with notice, and will be bound by any trust that rested upon him from whom he purchased. *Thompson* v. *Blair*, 3 Mur., 583.

The defendants were properly declared to be trustees for the plaintiff, and we do not feel at liberty to disturb the judgment rendered in her behalf.

No error. Affirmed.