B. B. WINBORNE v. WILLIAM DOWNING et al.

*Deeds—Construction—Husband and Wife—Constitution—*
*Heirs—Warranty—Fee-simple.*

1. Prior to the present Constitution, a deed by husband to wife, founded on a valuable consideration, was upheld in equity.

2. A deed which conveyed "to C. D. a certain parcel of land" (describing it) contained a clause as follows: "And I do further agree to warrant and defend the title of the same to her, the said C. D., her heirs or assigns forever," conveyed a fee-simple estate.

3. Unless this construction is given, the words "to her heirs," and the term "forever," would be meaningless.

4. Disorderly arrangement and punctuation may be disregarded when necessary to get the intention of the parties.

This was a CIVIL ACTION, tried at Fall Term, 1889, of HERTFORD Superior Court, before *Brown, J.,* to recover the land specified in the complaint. It appears that the defendants William Downing and Celia Downing were husband and wife before and after the 1st day of October, 1861; that on that day the former undertook and purported to execute to his said wife a deed, conveying to her the land in controversy, and the following is a copy of such parts thereof as need be reported here:

"That, for and in consideration of her interest in the tract of land known as the Harrell Farm, it being the same whereon the late James Harrell lived and died, I do, by these presents, exchange and convey unto the said Celia Downing a certain piece or parcel of land, bought of James P. Howell, lying, situate and being in the county and State aforesaid, and containing, by actual survey, seventy-one acres and twelve poles, bounded as follows, &c.,   *   *   * with all and every improvement there belonging to him,

the said William Downing; and I do further agree to warrant and defend the title of the same to her, the said Celia Downing, her heirs assigns, forever," &c.

The defendants demurred to the complaint, and assigned grounds of demurrer as follows:

"1. It appears that, at the time of plaintiff's purchase, the lands were owned in fee-simple by Celia Downing, by virtue of the deed from William Downing to her of October, 1861.

"2. That if the said land did not pass to the said Celia by virtue of that deed, then said lands were the property of William Downing at time of said sale. The said lands were worth less than $1,000—were the only lands, or interest in lands, owned by him. He was entitled by law to have his homestead allotted to him before said sale, and the same was not so allotted.

"3. That it appears that no title passed to the plaintiff, by virtue of said sale."

The Court sustained the demurrer, and gave judgment accordingly.

The plaintiffs, having excepted, appealed.

*Mr. B. B. Winborne,* for the plaintiff.
*Mr. W. D. Pruden,* for defendant (by brief).

MERRIMON, C. J.: The husband could not, anterior to the present Constitution, make a deed conveying real estate to his wife, valid *at law,* but it is properly conceded by the appellant that such a deed would be upheld in equity if the same were founded upon a valuable consideration. *Huntly* v. *Huntly,* 8 Ired. Eq., 250; *Garner* v. *Garner,* Busb. Eq., 1; *Walton* v. *Parish,* 95 N. C., 259.

The consideration of the deed in question from the defendant William Downing to his wife was a valuable one, and hence that deed must be upheld as sufficient and efficient

against the plaintiff in this action, unless, as he contends, the deed conveyed to the wife but a life-estate in the land. He insists that, in that case, he is entitled to recover, because it appears that the wife died after the execution of the deed of the Sheriff to him, and before the bringing of this action; and because, further, the Sheriff's deed conveyed to him the reversion of the husband.

We think the deed to the wife mentioned was intended to, and did, in equity, convey to her the fee-simple estate in the land. It purports to convey the land and "to warrant and defend the title of the same to her, the said Celia Downing, her heirs and assigns forever." This clause of warranty as to "her heirs," and the term "forever," would be useless and meaningless, if it was intended that she should have but a life-estate. The purpose thus clearly appearing, the deed must be so interpreted as to effectuate that purpose, if there are apt words and phraseology in it that will allow of such interpretation.

There are such words. There are words of inheritance applicable to the wife, the bargainee in the deed, that have no sensible meaning or proper application otherwise. The deed is disorderly and informal; the clause of warranty and the *habendum* clause are confusedly placed together, but for this, the connection between the words "to her, the said Celia Downing, her heirs and assigns forever," would be orderly and appear to serve their proper purpose in conveying the fee. Thus applying them, the deed must be read thus: "with all and every improvement there belonging to him, the said William Downing, * * * to her, the said Celia Downing, her heirs or assigns forever." How the exact punctuation appears in the deed, or whether there is any at all, does not appear to us, but if need be, the punctuation will be disregarded in order to effectuate the purpose clearly appearing. There are numerous cases, very like the present one, that fully sustain the interpretation we have

given the deed in question. *Bunn* v. *Wells*, 94 N. C., 67; *Ricks* v. *Pulliam*, 94 N. C., 225; *Graybeal* v. *Davis*, 95 N. C., 508; *Hicks* v. *Bullock*, 96 N. C., 164.

It thus appears that the defendant William Downing had no interest in the land the Sheriff undertook and purported to sell and convey to the plaintiff at the time of the supposed sale, and therefore the latter has no title thereto and is not entitled to recover.

Affirmed.