T. B. MITCHELL et al. v. SOPHIA MITCHELL et al.

*Deed—Heirs—Fee-simple—Construction—Warranty—Premises—Habendum.*

Wherever the word "heirs" in a conveyance executed before 1879 is joined as a qualification to the name or designation of the bargainee, even in the clause of warranty, or where this covenant is confused with the premises or *habendum*, if, by transposition, parenthesis or punctuation, the word "heirs" can be made to qualify the apt words of conveyance, the instrument will be construed to convey a fee, and this though the words have to do duty in the warranty and in connection with the words of conveyance.

This was a petition for partition sent up from the Clerk. A trial by jury having been waived by consent, the case was heard, upon the facts agreed, at November Term, 1890, of the Superior Court of GRANVILLE County, before *MacRae, J.*

"It is agreed that if the presiding Judge shall construe the said deed to convey a title in fee-simple to Jack E. Mitchell, the judgment shall be for the defendants that they are seized as set out in the answer. If the Court shall hold that, by virtue of said deed, the grantee took only a life-estate in the land, the petitioners are tenants in common with defendants and entitled to partition, or a sale for partition, as may be proper."

Judgment for defendants. Plaintiffs appealed.

*Mr. J. W. Graham,* for plaintiffs.
*Mr. John W. Hays,* for defendants.

AVERY, J.—after stating the facts: The material portion of the deed brought before us for construction by this appeal is as follows:

"This indenture, etc., witnesseth, that for and in consideration that he, the said Jack E. Mitchell, is to live with me, the

said John Mitchell, and take care of me, the said John Mitchell, and my wife Sally, so long as we both live, and that I, the said John Mitchell, doth give to the said Jack E. Mitchell all of the tract of land whereon I now live at my death, containing one hundred and sixty-nine acres, and that I, the said John Mitchell, do hereby warrant and defend the right and title of said land to Jack E. Mitchell and his heirs forever against the claims of all persons whatsoever."

The Courts, in order to carry out the intent of the grantor, where it could be gathered from the face of a deed, have, in a liberal spirit, construed conveyances as passing an estate of inheritance in all cases where the word "heirs" was joined as a qualification to the name or designation of the bargainee, even in the clause of warranty, or where the covenant of warranty was confused with the premises or *habendum,* if, by a transposition of it, or by making a parenthesis, or in any way disregarding punctuation, the word "heirs" could be made to qualify the apt words of conveyance in the premises, or the words "to have and to hold," etc., in the *habendum* and *tenendum, even* though it was made thereby to do double duty as a part of the covenant of warranty also. *Anderson* v. *Logan,* 105 N. C., 266; *Winborne* v. *Downing,* 105 N. C., 20; *Vickers* v. *Leigh,* 104 N. C., 257.

The words "his heirs forever," used in the connection in which they occur, bring the deed within the principle stated, and will be construed as operating both to pass the remainder in fee and to define the extent of the warranty. *Anderson* v. *Logan, supra.*

The judgment of the Court below is affirmed.

Affirmed.