The action was brought for the recovery of the possession of the land described in the complaint, and for the correction of a certain deed from one Jacob Chestnutt to one Eliza J. Chestnutt, his grandchild, and who afterwards intermarried with the plaintiff, and died, leaving one child, an infant of a few weeks, who also died, leaving the plaintiff surviving. A copy of the said deed is hereto attached, marked exhibit "A," and made part of this case.
The only issue submitted to the jury was:
"Did Jacob Chestnutt stand in the relation of a parent to Eliza J. Chestnutt at the time of the execution of the deed, on 13 February, 1872?" Ans.: "Yes."
The only evidence offered by the plaintiff upon this issue was the deed itself.
The defendant objected to the deed as evidence upon this issue, upon the ground that the fact of the execution of the deed and the contents and recitals therein are not evidence of the relation assumed by the grantor, and that proof of the relation must be made aliunde the deed. This objection was overruled, and the defendant excepted.
The defendant offered no evidence.
Upon the rendering of the verdict, the defendant moved —
1. For a new trial, for that his Honor erred in admitting the (263) deed as evidence upon the issue submitted to the jury.
2. For judgment, notwithstanding the verdict, upon the ground that there could be no judgment for the plaintiff reforming and correcting the deed until a jury had found affirmatively, upon an issue submitted, that the words "their heirs" had been omitted by mistake and inadvertence.
Both motions were overruled.
Judgment was rendered for the plaintiff, correcting the deed by inserting after the words, "Eliza J. Chestnutt and the issue of her body," as they appear in the premises and the habendum of the deed, the words, "and their heirs," and declaring the plaintiff the owner in fee simple of the land described in the deed. From this judgment the defendant appealed.
The portions of the deed material to the question were:
"Witnesseth, that I, the said Jacob Chestnutt, for and in consideration of the natural love and affection I do have and bear towards my granddaughter, Eliza J. Chestnutt, and a further consideration of the *Page 184 
sum of $5, to me in hand paid by J. R. Beaman (whom I will, in this deed of gift, appoint as her guardian), the receipt of which I do hereby acknowledge, to give, grant, bargain and sell, and alien, enfeoffed, conveyed, and confirm and set over for himself, his heirs, executors, administrators and assigns, and do fully, freely and absolutely give, grant, bargain, sell, alien, enfeoffed, convey and confirm, and set over unto the said Eliza J. Chestnutt and the children the natural issue of her body; and if she, the said Eliza J. Chestnutt, should die without leaving a child or children, then the lands as herein described and given to her shall descend back to my lawful heirs. All that piece or parcel of land, etc., saving and reserving the free use of the above described lands to myself during my natural life. To have and to hold the above bargained premises, thereunto belonging in any way to (264) the said Eliza J. Chestnutt and the issue of her body, as heretofore described, forever free and clear from all manner of encumbrances whatever, except the use of the above described lands during my natural life, as before mentioned; and I, the said Jacob Chestnutt, do warrant and defend the right and title of the aforementioned lands to the said Eliza J. Chestnutt forever; and I hereby appoint my trusty friend, John R. Beaman, guardian of the said Eliza J. Chestnutt, at my death, if he should be the longest liver."
This case is governed by the principles declared in Vickers v. Leigh,104 N.C. 248; Moore v. Quince, 109 N.C. 85, and Saunders v. Saunders,108 N.C. 327. The judgment is, therefore,
Affirmed.
Cited: Whichard v. Whitehurst, 181 N.C. 81, 84.