ANDREW FULBRIGHT et al. v. DANIEL YODER et al.

*Deed—Omission of Words of Inheritance—Intention of Grantor.*

Although words of inheritance are omitted in a deed, yet, if the real
intention of the grantor appear to be to confer a fee, that effect
will be given to the limitation.

Action for partition of lands, commenced before the Clerk
and transferred to the Superior Court of CATAWBA County,
and heard before *Boykin, J.*, and a jury, at Fall Term, 1893,
of said Court.

The issue submitted, with the consent of all parties, was:
" Were the words 'in trust for the sole benefit of the said Z. T.
McCaslin, his heirs and assigns, forever, in fee simple,' omit-
ted from the *habendum* clause of the deed by mistake, inad-
vertence or oversight, as alleged in the answer ? "

The deed in question was as follows:

"This deed, made the 12th day of October, 1860, between
Matthew McCaslin and wife Margaret, of the first part, and
J. C. McCaslin, agent of Z. T. McCaslin, of the second part,
all of the County of Catawba and State of North Carolina—

" Witnesseth, that the said Matthew McCaslin and wife, for
and in consideration of one dollar to them in hand paid, and
of natural good will and affection, hath bargained and sold
unto J. C. McCaslin, in trust for Z. T. McCaslin, all that tract
or parcel of land on Potts creek in Catawba County (describ-
ing it), containing eighty-three acres—all woods, ways, waters
and watercourses—unto the said J. C. McCaslin, agent, his
heirs and assigns, forever. The said M. McCaslin and wife
hath a right to convey the same, and by these presents doth
convey the same in fee simple unto J. C. McCaslin, agent.
Witness," etc. (Signed by Matthew McCaslin and wife.)

The deed was duly acknowledged in open Court, and
recorded, with the private examination of the wife.

FULBRIGHT *v.* YODER.

His Honor told the jury that the defendant Henry McCaslin must satisfy them by "clear, strong and convincing testimony" that the words "in trust for the sole benefit of the said Z. T. McCaslin, his heirs and assigns forever, in fee simple," had been omitted from the *habendum* clause in the deed by mistake, inadvertence or oversight, as alleged in the answer?

That if he had done so, they should answer the issue "Yes;" otherwise, "No."

The jury returned for the verdict "Yes." Judgment was rendered for the defendants and the plaintiffs appealed.

*Mr. C. A. Cilley,* for plaintiffs (appellants).
*Messrs. D. W. Robinson* and *M. L. McCorkle,* for defendants.

*Per Curiam:* The case of *Holmes* v. *Holmes,* 86 N. C., 205, is similar to the one before us, and, according to the principles there laid down, Z. T. McCaslin took an equitable fee, although words of inheritance were omitted in the limitation. It is therefore unnecessary to pass upon the sufficiency of the evidence offered for the purpose of correcting the deed. While it must be admitted that the doctrine of the above mentioned case is not supported by text-writers or the previous decisions of this Court, yet it is believed to be founded upon more equitable principles in arriving at the real intention of the grantor. It is also in accord with the spirit of recent legislation (*The Code,* § 1280) which declares that limitations without the use of the word "heirs" shall be construed as limitations in fee, unless a contrary intention plainly appear. In view of these considerations, we do not feel inclined to overrule the said decision. Its application to this case, as well perhaps to the great majority of others, very clearly gives effect to the true intention of the parties.

Affirmed.