T. A. HELMS et al v. M. C. AUSTIN et al.

*Proceeding for Partition of Lands—Deed, Construction of—Reformation of Deed—Jurisdiction—Delivery of Deed Presumed from Registration.*

1. A deed made by E. S. of the first part and S. S. "his wife and her heirs named on the back of the deed" of the other part, conveyed certain lands to the wife and her children, a life estate being reserved to the grantor. On the back of the deed the names of the children were endorsed and, in addition, the provision that if the wife should have any other children they should have an equal share with the "above heirs." *Held*, that the wife and children took a fee simple.

2. Although the Clerk of the Superior Court cannot, in an action for partition, reform the deed under which the plaintiff claims, the Superior Court may grant such relief when the proceeding is transferred or goes to it by appeal.

3. Where a donor acknowledges the execution of a deed for the purpose of registration and it is accordingly registered, a delivery is presumed and only clear proof will warrant a Court in holding the presumption to be rebutted; and the subsequent acts or declarations of the grantor to the effect that a delivery was not intended are inadmissible to rebut such presumption.

4. The presumption of the delivery of a voluntary deed by a father to his wife and children (in which he reserves a life estate) arising from the fact of registry, is not rebutted by the fact that the grantor retained possession of the deed and of the land which he listed for taxation and by an endorsement made on the back of the deed by the probate judge for the grantor that "the cause of my giving my lands to my family by deed as well as by will, is in order to give the courses and distances of the same."

This was a SPECIAL PROCEEDING for the partition of land, brought originally before the Clerk of the Superior Court of Union County and transferred to Term for trial of the issues of law and fact raised by the pleadings and heard before *Winston, J.*, and a jury, at August Term, 1894, of UNION Superior Court.    The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. Burwell, Walker & Cansler*, for plaintiffs.
*Messrs. Shepherd & Busbee* and *F. I. Osborne*, for defendants (appellants).

FAIRCLOTH, C. J.: This was an action for partition before the clerk and was transferred to the Superior Court.    The defendants denied that the plaintiffs had any interest in the land to be divided, which was equivalent to the plea of "sole seizin."    The question arises upon three deeds made by Ennis Staton of the first part, and "Sarah Staton his wife and her heirs, named on the back of this deed, of the other part," the said Ennis Staton reserving his life estate in the lands conveyed, and the consideration named is love and affection.    On the back of each deed is endorsed the names of the several children of the grantor, the plaintiff's name being one each time.    In the third deed, the conveyance is to "Sarah Staton, his wife and her *children*" and in the endorsement on the back thereof, after repeating the names of the same children as in the other two, it is stated "and if the said Sarah Staton should ever have any other child or children, that he or they shall have an equal share with the above *heirs*."

These deeds are dated September 13th, 14th, and 14th, 1869, and were registered, after probate, on August 26th, 1870, and September 2, 1870.

It is a well known rule that if two constructions can be

put on a deed or any part of it, that shall be given to it which is most beneficial to the grantee. These deeds were inartificially drawn, using the words "heirs" and "children" indifferently, by one having no legal conception of their technical meaning, but the intent is clear. It would be unreasonable to assume that the father, in providing for his family, meant to give them only a life estate leaving the fee undisposed of, after reserving his own life estate. We are entirely satisfied from the context and from the nature and purposes of the deed that it was the intention of Ennis Staton to convey a fee simple to his wife and children, and we declare that to be the effect of each of the deeds. *Fulbright* v. *Yoder*, 113 N. C., 456; *Holmes* v. *Holmes*, 86 N. C., 205; *Vickers* v. *Leigh*, 104 N. C., 248; *Pritchard* v. *Bailey*, 113 N. C., 521. Here we might rest this branch of the case, but the plaintiff prayed the Court, in the event that the deeds did not convey a fee simple estate, to be allowed to reform the deeds according to the true intention of the grantor. The defendant's counsel denied the power of the Court to give this relief, inasmuch as the Clerk before whom the action was properly instituted had no power to give such equitable relief.

By *The Code*, Sec. 102, the duties, at first assigned to the probate Judge, are required to be performed by the Clerks of the Superior Courts, as Clerks of said Courts, and their duties and connection with the Court are fully explained in *Brittain* v. *Mull*, 91 N. C., 498, and under our new Code System of practice we see no reason why the Court may not amend and give any relief that the parties may be entitled to, according to the facts, in any case sent up by the Clerk either by transfer or by appeal, provided the original subject matter be within the jurisdiction of the Clerk. The advantage of such practice to the Courts and to the parties litigant is manifest, and we hold that the

equitable relief asked for, if it had become necessary, could have been given in the Superior Court.

In 1875, when the Code System was new, this Court held, in a case much like the present, that upon an appeal from the Probate Court in a special proceeding, which was dismissed in that Court, the Superior Court could and should give such equitable relief as the parties were entitled to, upon the plea of fraud in procuring a deed for land, it being conceded that the probate Judge had no such power. *McBryde* v. *Patterson,* 73 N. C., 478.

The defendants further insisted that these deeds were never delivered, and relied upon the endorsement on the deeds made by the probate Judge at the time the deeds were acknowledged by the grantor and ordered to be registered, and upon subsequent acts and declarations of the grantor, to rebut the implication of delivery arising from the registration. The endorsement was as follows : " The cause of my giving my lands to my family by deed as well as by will is in order to give the courses and distances of the same." It is admitted that Ennis Staton retained possession of the deeds after their registration, and remained in possession of the land and listed it for taxes until his death. These admitted facts are all consistent with the fact that the grantor retained a life estate, and, taken alone, have no tendency to rebut the implication of delivery arising from the registration.

In a case " on all fours " with the present, it was held by this Court that where the donor went into Court and acknowledged a deed of gift for the purpose of registration and it was accordingly registered that was a delivery, and that any subsequent declaration that it had not been delivered and was not to have effect did not invalidate it. *Airey* v. *Holmes,* 5 Jones, 142 ; *Ellington* v. *Currie,* 5 Ired.

Eq., 21.   These cases dispose of the defendants'·exceptions to the exclusion of their proposed evidence.

Where the maker once parts with the possession or control of a deed he can not afterwards recall it, and the donee's acceptance is presumed, especially when it is beneficial to him.

Registration of a deed is only *prima facie* evidence of its execution, probate and delivery, and not conclusive; for otherwise no fraud or mistake could be corrected in either respect.   The presumption arising from this *prima facie* effect may be rebutted by sufficient evidence.   To this effect is *Love* v. *Harbin*, 87 N. C., 249, and various other cases, including the text-books.   In *Mitchell* v. *Ryan*, 3 Ohio State Reports, 377, it was held, first, that a recorded deed is *prima facie* evidence of delivery, and it is to be presumed that the maker means to part with the title, and that clear proof ought to be required to warrant a· Court in holding otherwise; secondly, that where a grant is a pure unqualified gift, the presumption of acceptance can be rebutted only by proof of dissent.

The endorsement on the deeds—"The cause of my giving my lands to my family by deed, &c."—indicates plainly that he was trying to settle his property on his family, which he could only do, then, by having the deed recorded. If to perpetuate the courses and distances was his only object, then an ordinary survey and plot would have done as well, and might have as well been registered as these deeds if they were not intended to pass any title to the grantees.

The rule in Shelly's case has no application.   *Leathers* v. *Gray*, 101 N. C., 162.   The evidence of the clerk, as indicated, was insufficient to rebut the presumption, if ·it had been admitted.

Affirmed.