T. L. TORREY ET AL. v. J. L. McFADYEN ET AL.

(Filed 1 April, 1914.)

1. Contracts—Reformation—Matters of Law.

For a written instrument to reform itself, without the intervention of a jury, the intent of the parties that it should be so regarded must be clear and should appear from the writing itself, and evidence *dehors* will not be considered.

2. Contracts—Options—Contracts to Convey—Time of the Essence.

A. executed and delivered to B. a paper-writing in which he acknowledged the receipt of $322.75 and agreed to "sell and convey" to him "the exclusive right and option to purchase on or before 1 December, 1911," a certain tract of land, fully described, for the price of $1,783.88, payment to be made at stated times: *Held*, the form of the writing is that of an option, though called in its premises or preamble an indenture, and requires payment in strict accordance with its terms, and is not a contract to convey the lands, wherein time is not of the essence of the contract in respect to such payment, and where damages for its breach may be recovered.

3. Contracts — Reformation — Fraud — Mistake—Money Received— Trials—Preponderance of the Evidence.

Where an unregistered option on lands has been given, which is sought to be reformed into a contract to convey them, and the lands have come into the hands of an innocent purchaser for value, so as to defeat the equity, the optionee, in his action to recover the money paid upon the allegation of false and fraudulent representations, is only required to establish his case by the preponderance of the evidence; and it is *Held* that the case may be tried upon one of two aspects: whether the parties mutually intended a contract instead of an option, and if so, whether the parties failed to express their real agreement by mutual mistake, or by the fraud of the one inducing the mistake of the other; or whether one of them was induced to part with his money by the fraud and deceit of the other.

APPEAL by defendant from *Lyon, J.,* at November Term, 1913, of HOKE.

This action was brought to recover $322.75, paid by the plaintiffs to the defendant under the following circumstances: Defendant prepared, signed, and delivered to the plaintiffs, on 11 February, 1911, a paper-writing, not registered, in which, for

the consideration of $322.75 paid to him by them, he agreed to "sell and convey" to them "the exclusive right and option to purchase on or before 1 December, 1911," a certain tract of land fully described in the instrument for the price of $1,783.88, to be paid in three equal installments, the first of which was to be paid on 1 December, 1911. McFadyen bound himself to the agreement in the sum of $2,000 to make a good title to the land, with covenants of seisin and warranty 'and for further assurance, and also against encumbrances, but only upon payment to him of the purchase money within the time aforesaid. The instrument is called in the premises or preamble an "indenture." Plaintiffs paid the $322.75, but failed to pay the first installment of the purchase money on 1 December, 1911, or otherwise to signify their acceptance of the offer to sell, and on 8 December, 1911, after plaintiff's default, the defendant sold and conveyed the land to a purchaser for value and without notice of the transaction between plaintiffs and defendant or of any right plaintiffs had in or to the land.

Plaintiffs contend that the agreement, as we will call it for convenience, is a contract to sell the land to them, and also introduced evidence tending strongly to show that it was so intended by the parties, and that defendant had represented to them that it was a contract or a deed for the land, and that they would not lose the money paid to him, but it would be paid back to them if they were unable to pay the balance.

Defendant denied all these allegations, and introduced contradicting evidence, claiming and testifying that the instrument is an option, and was so intended by the parties, and that the whole matter was fully explained to the plaintiffs.

The court held that the paper-writing was a contract to convey, and time of payment was not, therefore, of the essence of the contract, and that by not paying on the day fixed, plaintiffs did not forfeit their right to a return of the money paid by them, and it being admitted that defendant had disabled himself to perform the contract, judgment was entered for the plaintiffs to the effect that they recover the sum of $322.75 and costs. Defendant excepted and appealed.

*H. S. Kilpatrick and McIntyre, Lawrence & Proctor for plaintiffs.*

*Shaw & Currie, B. A. Justice, and Sinclair & Dye for defendant.*

WALKER, J., after stating the case: If the instrument is an option, plaintiffs cannot recover, as they have not complied with it by accepting the offer and paying the first installment of the purchase money on the day named (*Weaver v. Sides,* 216 Pa. St., 301); but if it is a contract, they can recover, as defendant has conveyed the land to a person entitled to hold it against the plaintiffs, he being a *bona fide* purchaser for value and without notice. *Sprinkle v. Wellborn,* 140 N. C., 163, and cases cited; *Pritchard v. Smith,* 160 N. C., 79. The agreement bears a close resemblance to a contract to convey or bond for title, but we must hold it to be in form an option, as there is not sufficiently clear indication on its face that the parties intended it for a contract of purchase, so as to invoke the jurisdiction of a court of equity to reform or amend it, or to treat it as such a contract, upon a bare inspection or examination of the instrument itself, under the rule laid down in *Vickers v. Leigh,* 104 N. C., 248; *Smith v. Proctor,* 139 N. C., 314; *Bryan v. Eason,* 147 N. C., 284, where there is proper allegation upon which to base the exercise of its jurisdiction in this way. In such a case, that is, where the judge or chancellor acts by himself, without a jury, and makes the instrument reform itself, as the intent of the parties is apparent from its context, the evidence of the mistake of the parties in expressing their agreement is required to be drawn exclusively from the instrument, and facts *dehors* will not be considered. *Smith v. Proctor, supra; Helms v. Austin,* 116 N. C., 751.

The context of this paper-writing does not manifest an intention to give more than an option to buy, and the case, therefore, calls for evidence *dehors* the deed, if it is sought to establish a contract to sell or a bond for title. This necessarily requires the intervention of a jury to pass upon the disputed questions of fact.

The power to decree a reformation, upon the bare face of the instrument, should be exercised sparingly and only in a clear case, as the authorities state. If this were not so, we would, of course, be in danger of making the agreement between the parties, instead of merely declaring what it is, as expressed in the instrument, or as plainly deducible therefrom.

There is ample evidence of the mistake in drawing the agreement and of the fraud, and this should be submitted to the jury, with proper instructions as to the law. Plaintiffs would also be entitled to recover if the payment was made under a false and fraudulent representation of the defendant, of which there is allegation and evidence.

This case does not impress us very favorably for the defendant. The written instrument is almost sufficient of itself to show a contract to sell the land, or a bond for title, as it is sometimes called, and not an option; but it is not sufficiently so to warrant us in declaring it to be such on its face, or as matter of law, as the court below decided.

The plaintiffs, it appears, are illiterate, and, if their testimony is true, they were misled by false representations of the defendant into the acceptance of a paper which they thought either conveyed them the land or secured the title to them by contract upon their paying the balance of the purchase money, and there is much in the nature, circumstances, and surroundings of the transaction to sustain their allegation. If defendant falsely led them to believe that he was giving them a contract, when in fact it was an option, and they were induced thereby to take it, in the belief that it was a contract, the fraud of the defendant and the mistake of the plaintiffs brought about or induced thereby will lead the court either to reform or to cancel the instrument, as the justice of the case may require. *Wilson v. Land Co.,* 77 N. C., 445; *Sykes v. Insurance Co.,* 148 N. C., 13; Eaton on Equity, p. 304 (128).

It is immaterial which of the remedies is applied under the facts and circumstances of this case, as either will result in restoring the money paid by plaintiffs to them. Plaintiffs may recover if they establish their case by a preponderance of the

evidence, provided they seek merely to recover the money back as having been obtained from them by a false and fraudulent representation. *Culbreth v. Hall,* 159 N. C., 588. If one party obtains money from another by a false and fraudulent representation, he is liable to the defrauded party for the amount so received in an action for the deceit, and it requires only a preponderance of evidence to establish his case. *Pritchard v. Smith,* 160 N. C., 79, at p. 87. If he seeks to reform the instrument because of the other's fraud and his mistake, or because of a mutual mistake, the proof is required to be clear, strong, and convincing.

The case may be tried in any one of two aspects: first, whether the parties mutually intended a contract instead of an option, and if so, whether the parties failed to express their real agreement by mutual mistake, or whether they so failed by the fraud of the defendant and the mistake of the plaintiffs induced thereby; or, second, whether the plaintiffs were induced to part with their money by the fraud and deceit of the defendant. 20 Cyc., p. 87; Bigelow on Fraud, 63-67; *Van Gilder v. Bullen,* 159 N. C., 291. A verdict for plaintiffs in either aspect will entitle them to judgment for the money paid to defendant. The pleadings may be amended, if desired and the parties are so advised, though we do not intend by this to intimate that all of the views may not be well presented in the present pleadings. There does not seem to be any distinct allegation of mistake, though we perhaps might infer it by a most liberal construction of the complaint.

The court erred in holding, as matter of law, that the agreement is a contract to convey, and not an option.

New trial.