WHICHARD v. WHITEHURST.

Z. V. WHICHARD ET AL. v. C. J. WHITEHURST ET AL.

(Filed 16 March, 1921.)

1. **Deeds and Conveyances—Fee—Heirs—Wills—Devises—Intent.**

While prior to 1879 (C. S., 991) the word "heirs" was generally neces-sary to create a fee simple estate, there is exception as to devises and equitable estates, and these may pass without the word "heirs" if such intention appears by correct interpretation of the instrument.

2. **Same—Interpretation—Intent.**

Where it appears from the construction of a deed made in 1871 that the land granted was to his daughter in lieu of her share in the grantor's estate, the construction of this deed will be governed by the principles applicable to the interpretation of devises and equitable estates arising under a will, when expressed in the instrument as being in the nature of, or a substitute for, a devise.

3. **Same—Estates—Tenants in Common.**

Where, in 1871, a father has conveyed certain of his lands to his daugh-ter, "and her nearest blood relations," in lieu of her share in his estate, and from the interpretation of the instrument as a whole this intent clearly appears, and is evidenced by the donor's express language, such intent will control the interpretation, and the daughter takes a fee simple title to the whole, and not that of a tenant in common with her children.

4. **Deeds and Conveyances — Equity — Case Agreed — Cancellation — Statutes.**

While ordinarily it was necessary to invoke the jurisdiction of a court of equity to correct a deed to lands made before 1879 (C. S., 991), so as to show that in fact it was intended to convey a fee simple title, when the word "heirs" had been omitted, yet, when the cause is submitted upon a case agreed (C. S., 961), the court, in its equitable powers, may correct the instrument, when it clearly appears from the interpretation thereof that the donor intended to pass a fee simple title, and had uninten-tionally omitted therefrom the word "heirs."

STACY, J., dissenting; ALLEN, J., concurring in the dissenting opinion.

APPEAL by plaintiffs from *Devin, J.,* at January Term, 1921, of PITT.

This case was submitted under C. S., 961, upon the following "facts agreed." In 1871 John F. Whichard and his wife conveyed to their daughter the land in controversy, duly described, "unto said Anne E. Page and her nearest blood relations forever."

At the date of said deed, said Anne E. Page had living one son, named Billy Page, who died before reaching his majority, and left no children, but since the date of said deed there has been born to her five children, who were living when Billy died.

In 1910 said Anne E. Page conveyed said land to the wife of one of her sons in fee simple, who subsequently conveyed the same, with the joinder of her husband, to the plaintiffs. This proceeding was insti-

tuted for the purpose of selling the land for partition, and was bought by the defendants, who now decline to accept a deed from the commissioner and pay for the land solely upon the ground that they cannot obtain fee simple title to the same. The court held that the plaintiffs were entitled to an undivided one-half interest in the land by reason of the deed from Annie E. Page, and to a one-tenth undivided interest by reason of the deed from C. F. Page and wife, but that the other four defendants, children of Anne Page, are the owners in fee simple of an undivided four-tenths, as tenants in common, interest in said lands, from which judgment the plaintiffs appealed.

*S. J. Everett for plaintiffs.*
*Skinner & Whedbee for defendants.*

CLARK, C. J. Prior to the act of 1879, now C. S., 991, the word "heirs" was generally held necessary to the creation of a fee-simple estate in conveyances, but there was an exception as to devises and equitable estates, as to which it was held that an estate of inheritance would generally pass without the word "heirs" if such was the clear intent of the parties. *Holmes v. Holmes,* 86 N. C., 205-207, cited by *Hoke, J.: Smith v. Proctor,* 139 N. C., 319. This conveyance is in the nature of a devise, or rather is a substitute for it, and is so expressed.

This is not a conveyance to Anne E. Page for life only and then to her nearest blood relations, but the conveyance is to "Anne E. Page and her nearest blood relations forever." In *Cullens v. Cullens,* 161 N. C., 344, it is stated that it is settled in this State that when a conveyance of land is made to a woman "and her children," the grantee named and her children living at the date of the deed are tenants in common, but we think that upon the face of this deed the intent was not to convey the land to Anne E. Page and her living son, Billy Page, as tenants in common, but that the true intent was to convey the land to her in fee simple. In *Beacom v. Amos,* 161 N. C., 366, it is said: "The law will not allow the plain intent to be defeated by any omission to use technical terms to express it, if equivalent terms are employed for the purpose." This conveyance recites in the first paragraph that it is made "to Anne E. Page, daughter," by the grantors, saying in the second paragraph that the consideration is "natural love and affection for her"; and the fourth paragraph recites that "this and the other property given to our said daughter is a full and equitable share of all our property, and we do hereby declare that in case we die intestate she shall never inherit anything else from our estate." There is no indication that it was intended that the "nearest blood relations" were to be beneficiaries of any interest in said conveyances, the consideration of which was

"love and affection to the daughter," and, together with other prop-
erty given her, was "her full and equitable share" of all the property
of the grantors, and upon that ground they disinherit her from inherit-
ing any other part of their estate if they should die intestate.

As far back as *Armfield v. Walker,* 27 N. C., 583, it was held that, "If
a deed for a valuable consideration give land to another and his heirs,
it is a good deed on delivery to pass the estate in fee, notwithstanding
it being very informally framed, Co. Lit., 7 (a) ; Kent's Com., 461, and
it is a rule of law that if two constructions can be placed upon a deed, or
any part, it shall be given that which is most beneficial to the grantee."
The decisions since have extended and broadened the application of the
principle that the intention of the grantor is to be considered in the
interpretation of a deed. *Smith v. Proctor,* 139 N. C., 314; *Fulbright
v. Yoder,* 113 N. C., 456; *Winborne v. Downing,* 105 N. C., 20; *Vickers
v. Leigh,* 104 N. C., 248; *Hicks v. Bullock,* 96 N. C., 164; *Ricks v.
Pulliam,* 94 N. C., 225; *Bunn v. Wells,* 94 N. C., 67. Indeed, the
latest decisions hold that the intention now is to be gathered from the
whole deed, without dissecting it into parts as at common law. *Guilford
v. Porter,* 167 N. C., 366; *Triplett v. Williams,* 149 N. C., 394.

In *Fulbright v. Yoder,* 113 N. C., 456, it is held, citing *Holmes v.
Holmes,* 86 N. C., 205, that "although words of inheritance are omitted
in a deed, yet, if the real intention of the grantor appear to be to confer
a fee, that effect will be given to the limitation." In that case the deed
was made in 1860, and like this, was made to a son, and the Court held
that while this construction "is not supported by text-writers or the
previous decisions of this Court, yet it is believed to be founded upon
more equitable principles in arriving at the real intention of the grantor.
It is also in accord with the spirit of recent legislation, Code, 1280 (now
C. S., 991), which declares the limitations without the use of the word
'heirs' shall be construed as limitations in fee, unless a contrary intention
plainly appears." This case has been cited often since, among others,
in *Helms v. Austin,* 116 N. C., 753, and *Smith v. Proctor,* 139 N. C.,
314.

Among other cases, *Moore v. Quince,* 109 N. C., 92, and *Rackley v.
Chestnutt,* 110 N. C., 262, hold that where the instrument upon its face
contains sufficient evidence of a manifest purpose of the grantor to
convey an estate in fee it will be so construed. Formerly the Court, in
its efforts to effectuate the grantor's intent, had resort to equitable princi-
ples, or lay hold upon expressions in other parts of the deed containing
the sacramental words "heirs" and transposed it into the conveying
clause, and would go through the formality of requiring an amendment
or correction of the deed. The later decisions, as above set forth, con-
forming to the evident intention of the parties and the legislative con-

struction dispensing with the word "heirs" have resorted to the direct process of construing the conveyance to mean in fee when such intention clearly appears. In this case, in addition to what is already said, the intention of the grantor to convey a fee simple to the daughter is apparent from the reading of the whole deed, for not only the grantor uses the words "her equitable share," "her," "she," but adds the clause, "forever," which evidently intended to convey the property in fee to her. There is no limitation of a life estate, or any intention indicated to convey any interest therein to her son.

In a very illuminative opinion in *Beacom v. Amos,* 161 N. C., 365, citing numerous cases, *Walker, J.,* thus quotes from *Gudger v. White,* 141 N. C., 507, as a correct statement of the modern rule for the construction of deeds: "We are required by the settled canon of construction so to interpret it as to ascertain and effectuate the intention of the parties. Their meaning, it is true, must be expressed in the instrument; but it is proper to seek for a rational purpose in the language and provisions of the deed, and to construe it consistently with reason and common sense. If there is any doubt entertained as to the real intention, we should reject that interpretation which plainly leads to injustice, and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results. All this is subject, however, to the inflexible rule that the intention must be gathered from the entire instrument, 'after looking,' as the phrase is, 'at the four corners of it.'" And again: "Words should always operate according to the intention of the parties, if by law they may, and if they cannot operate in one form, they shall operate in that which by law will effectuate the intention. This is the more just and rational mode of expounding a deed, for if the intention cannot be ascertained, the rigorous rule is resorted to, from the necessity of taking the deed most strongly against the grantor."

Ordinarily in a deed of this kind of date prior to 1879, even when containing on its face sufficient evidence of an intent by the grantor to convey the fee, a suit to correct the instrument is required; but this cause being submitted on case agreed, or when all the facts affecting the rights of the parties are set forth, and there being plenary evidence on the face of the instrument itself that a fee-simple estate was intended, the Court, in the exercise of its equitable powers, is fully justified in treating this as a suit to correct the instrument by inserting the word "heirs", and so carry into effect the evident intent of the parties. *Vickers v. Leigh,* 104 N. C., 248.

Construing the conveyance, therefore, according to its meaning and intent as appears upon the face of the instrument, we think the conveyance was to her, the daughter, in fee simple, though inartificially expressed.

The grantee so understood it and made the conveyance in fee simple to the wife of one of her sons, who has since joined in the conveyance to the plaintiffs in this action. All of the children of Anne Page for over 30 years have acquiesced in the sole possession by their mother, and for 10 years in the conveyance by her.

We think upon the facts agreed that judgment should have declared that the plaintiffs were owners in fee simple, and that the purchasers should pay the purchase money.

Reversed.

STACY, J., dissenting: The deed submitted for construction in this proceeding was made in 1871. In the granting clause these words appear: "unto the said Anne E. Page and her nearest blood relation forever"; and the habendum contains the following language: "To have and to hold said tract of land and premises, with all the appurtenances thereto belonging to her, the said Anne E. Page, and her nearest blood relation." At the time of the execution and delivery of said deed, Anne E. Page had only one son living, Billy Page, who was her nearest blood relation. The word "heirs" appears nowhere in the conveyance, either in connection with the names of the grantors or the grantees. It is omitted entirely from the instrument.

In the majority opinion it is conceded that prior to the enactment of chapter 148, Public Laws of 1879, in real property conveyances the use of the word "heirs" in connection with the name of the grantee was necessary to convey a fee-simple estate; except in devises and trusts, or equitable estates, where it clearly appeared that a fee simple was intended. As stated by *Mr. Justice Hoke,* in *Smith v. Proctor,* 139 N. C., 314: "It is true that prior to the act of 1879 the word 'heirs' was generally held necessary to the creation of a fee-simple estate in deeds conveying the legal title. It was not so in devises nor in equitable estates, where it was generally held that an estate of inheritance would pass without the word 'heirs' if such was the clear intent of the parties," citing *Holmes v. Holmes,* 86 N. C., 205.

The case at bar, however, comes under neither of these exceptions. The instrument is not a devise, nor do we think it can be held as a substitute for one. It fails in many respects to meet the requirements of a valid will. It is a deed only, and we are asked to construe it as such. It does not purport to create or convey a trust estate, and no equitable relief is sought. The pleadings present only a construction of the deed as a question of law. The parties have thus elected to stand upon their rights, and the case should be decided accordingly.

It has been held with us, in a long line of decisions, that as a mere construction of the legal title on the face of the instrument, in deeds bearing date prior to the statute of 1879, the use of the word "heirs," in

some way descriptive of the grantee's interest, was necessary, and always required, for the creation of a fee-simple estate. *Boggan v. Somers,* 152 N. C., 390; *Real Estate Co. v. Bland,* 152 N. C., 225. And where the word "heirs" or words of inheritance are entirely omitted from the deed, only a life estate passes by such conveyance. *Cullens v. Cullens,* 161 N. C., 344; *Batchelor v. Whitaker,* 88 N. C., 350. "There is no principle of law better established than that the word 'heirs' is absolutely necessary in a deed (executed prior to 1879) to convey a fee-simple estate." *Stell v. Barham,* 87 N. C., 62. The omission of the word "heirs" or words of inheritance from a deed, if executed before the act of 1879, will have the effect of vesting only a life estate in the bargainee. *Anderson v. Logan,* 105 N. C., 266; *Boggan v. Somers,* *supra.*

It should be remembered that the aid of equity is not invoked in this case. There is no allegation that the word "heirs" or words of inheritance were omitted by mistake, inadvertence, etc., which would bring the case under the doctrine announced in *Fulbright v. Yoder,* 113 N. C., 456; *Rackley v. Chestnutt,* 110 N. C., 262; *Vickers v. Leigh,* 104 N. C., 248; *Rutledge v. Smith,* 45 N. C., 283; *Armfield v. Walker,* 27 N. C., 583; *Real Estate Co. v. Bland, supra;* and other cases to like import. Nor is there any question of a trust or equitable estate involved, as in the cases of *Moore v. Quince,* 109 N. C., 89; *Holmes v. Holmes,* 86 N. C., 205, *supra,* and *Smith v. Proctor, supra.*

But conceding, for the moment, that the instrument clearly shows an intention on the part of the grantors to convey a fee-simple estate, and that upon proper allegations the deed should be reformed or corrected; how can we say that Anne E. Page is to take a fee simple, and Billy Page, her nearest blood relation living at the time of the execution of the deed, is to take no interest at all? It was held in *Cullens v. Cullens, supra,* that a deed, executed prior to 1879, to "Sarah A. Cullens and her children" conveyed only a life estate; but that the woman and her three children, living at the time, took as tenants in common, and that the children were entitled to share with the mother in the estate, citing *Campbell v. Everhart,* 139 N. C., 511; *Heath v. Heath,* 114 N. C., 547; *Gay v. Baker,* 58 N. C., 344, and *Dupree v. Dupree,* 45 N. C., 164.

For the foregoing reasons, and on account of the numerous decisions in our reports *contra,* we are unable to agree with the conclusions reached in this case by a majority of the Court.

ALLEN, J., concurring in dissent.