STACY, J., dissenting; ALLEN, J., concurring in the dissenting opinion.
This case was submitted under C. S., 961, upon the following "facts agreed." In 1871 John F. Whichard and his wife conveyed to their daughter the land in controversy, duly described, "unto said Anne E. Page and her nearest blood relations forever."
At the date of said deed, said Anne E. Page had living one son, named Billy Page, who died before reaching his majority, and left no children, but since the date of said deed there has been born to her five children, who were living when Billy died.
In 1910 said Anne E. Page conveyed said land to the wife of one of her sons in fee simple, who subsequently conveyed the same, with the joinder of her husband, to the plaintiffs. This proceeding was instituted *Page 80 
for the purpose of selling the land for partition, and was bought by the defendants, who now decline to accept a deed from the commissioner and pay for the land solely upon the ground that they cannot obtain fee simple title to the same. The court held that the plaintiffs were entitled to an undivided one-half interest in the land by reason of the deed from Anne E. Page, and to a one-tenth undivided interest by reason of the deed from C. F. Page and wife, but that the other four defendants, children of Anne Page, are the owners in fee simple of an undivided four-tenths, as tenants in common, interest in said lands, from which judgment the plaintiffs appealed.
Prior to the act of 1879, now C. S., 991, the word "heirs" was generally held necessary to the creation of a fee-simple estate in conveyances, but there was an exception as to devises and equitable estates, as to which it was held that an estate of inheritance would generally pass without the word "heirs" if such was the clear intent of the parties. Holmes v. Holmes,86 N.C. 205-207, cited by Hoke, J.: Smith v. Proctor, 139 N.C. 319. This conveyance is in the nature of a devise, or rather is a substitute for it, and is so expressed.
This is not a conveyance to Anne E. Page for life only and then to her nearest blood relations, but the conveyance is to "Anne E. Page and her nearest blood relations forever." In Cullens v. Cullens, 161 N.C. 344, it is stated that it is settled in this State that when a conveyance of land is made to a woman "and her children," the grantee named and her children living at the date of the deed are tenants in common, but we think that upon the face of this deed the intent was not to convey the land to Anne E. Page and her living son, Billy Page, as tenants in common, but that the true intent was to convey the land to her in fee simple. In Beacom v. Amos,161 N.C. 366, it is said: "The law will not allow the plain intent to be defeated by any omission to use technical terms to express it, if equivalent terms are employed for the purpose." This conveyance recites in the first paragraph that it is made "to Anne E. Page, daughter," by the grantors, saying in the second paragraph that the consideration is "natural love and affection for her"; and the fourth paragraph recites that "this and the other property given to our said daughter is a full and equitable share of all our property, and we do hereby declare that in case we die intestate she shall never inherit anything else from our estate." There is no indication that it was intended that the "nearest blood relations" were to be beneficiaries of any interest in said conveyances, the consideration of which was *Page 81 
"love and affection to the daughter," and, together with other property given her, was "her full and equitable share" of all the property of the grantors, and upon that ground they disinherit her from inheriting any other part of their estate if they should die intestate.
As far back as Armfield v. Walker, 27 N.C. 583, it was held that, "If a deed for a valuable consideration give land to another and his heirs, it is a good deed on delivery to pass the estate in fee, notwithstanding it being very informally framed, Co. Lit., 7 (a); Kent's Com., 461, and it is a rule of law that if two constructions can be placed upon a deed, or any part, it shall be given that which is most beneficial to the grantee." The decisions since have extended and broadened the application of the principle that the intention of the grantor is to be considered in the interpretation of a deed. Smith v. Proctor, 139 N.C. 314; Fulbright v.Yoder, 113 N.C. 456; Winborne v. Downing, 105 N.C. 20; Vickers v.Leigh, 104 N.C. 248; Hicks v. Bullock, 96 N.C. 164; Ricks v. Pulliam,94 N.C. 225; Bunn v. Wells, 94 N.C. 67. Indeed, the latest decisions hold that the intention now is to be gathered from the whole deed, without dissecting it into parts as at common law. Guilford v. Porter, 167 N.C. 366;Triplett v. Williams, 149 N.C. 394.
In Fulbright v. Yoder, 113 N.C. 456, it is held, citing Holmes v.Holmes, 86 N.C. 205, that "although words of inheritance are omitted in a deed, yet, if the real intention of the grantor appear to be to confer a fee, that effect will be given to the limitation." In that case the deed was made in 1860, and like this, was made to a son, and the Court held that while this construction "is not supported by text-writers or the previous decisions of this Court, yet it is believed to be founded upon more equitable principles in arriving at the real intention of the grantor. It is also in accord with the spirit of recent legislation, Code, 1280 (now C. S., 991), which declares the limitations without the use of the word `heirs' shall be construed as limitations in fee, unless a contrary intention plainly appears." This case has been cited often since, among others, in Helms v. Austin, 116 N.C. 753, and Smith v. Proctor,139 N.C. 314.
Among other cases, Moore v. Quince, 109 N.C. 92, and Rackley v.Chestnutt, 110 N.C. 262, hold that where the instrument upon its face contains sufficient evidence of a manifest purpose of the grantor to convey an estate in fee it will be so construed. Formerly the Court, in its efforts to effectuate the grantor's intent, had resort to equitable principles, or lay hold upon expressions in other parts of the deed containing the sacramental words "heirs" and transposed it into the conveying clause, and would go through the formality of requiring an amendment or correction of the deed. The later decisions, as above set forth, conforming to the evident intention of the parties and the legislative *Page 82 
construction dispensing with the word "heirs" have resorted to the direct process of construing the conveyance to mean in fee when such intention clearly appears. In this case, in addition to what is already said, the intention of the grantor to convey a fee simple to the daughter is apparent from the reading of the whole deed, for not only the grantor uses the words "her equitable share," "her," "she," but adds the clause, "forever," which evidently intended to convey the property in fee to her. There is no limitation of a life estate, or any intention indicated to convey any interest therein to her son.
In a very illuminative opinion in Beacom v. Amos, 161 N.C. 365, citing numerous cases, Walker, J., thus quotes from Gudger v. White, 141 N.C. 507, as a correct statement of the modern rule for the construction of deeds: "We are required by the settled canon of construction so to interpret it as to ascertain and effectuate the intention of the parties. Their meaning, it is true, must be expressed in the instrument; but it is proper to seek for a rational purpose in the language and provisions of the deed, and to construe it consistently with reason and common sense. If there is any doubt entertained as to the real intention, we should reject that interpretation which plainly leads to injustice, and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results. All this is subject, however, to the inflexible rule that the intention must be gathered from the entire instrument, `after looking,' as the phrase is, `at the four corners of it.'" And again: "Words should always operate according to the intention of the parties, if by law they may, and if they cannot operate in one form, they shall operate in that which by law will effectuate the intention. This is the more just and rational mode of expounding a deed, for if the intention cannot be ascertained, the rigorous rule is resorted to, from the necessity of taking the deed most strongly against the grantor."
Ordinarily in a deed of this kind of date prior to 1879, even when containing on its face sufficient evidence of an intent by the grantor to convey the fee, a suit to correct the instrument is required; but this cause being submitted on case agreed, or when all the facts affecting the rights of the parties are set forth, and there being plenary evidence on the face of the instrument itself that a fee-simple estate was intended, the Court, in the exercise of its equitable powers, is fully justified in treating this as a suit to correct the instrument by inserting the word "heirs", and so carry into effect the evident intent of the parties.Vickers v. Leigh, 104 N.C. 248.
Construing the conveyance, therefore, according to its meaning and intent as appears upon the face of the instrument, we think the conveyance was to her, the daughter, in fee simple, though inartificially expressed. *Page 83 
The grantee so understood it and made the conveyance in fee simple to the wife of one of her sons, who has since joined in the conveyance to the plaintiffs in this action. All of the children of Anne Page for over 30 years have acquiesced in the sole possession by their mother, and for 10 years in the conveyance by her.
We think upon the facts agreed that judgment should have declared that the plaintiffs were owners in fee simple, and that the purchasers should pay the purchase money.
Reversed.